No. 2515.

JOHN C. BROWN, RECEIVER, *v.* OWEN SULLIVAN.

1. CONTRIBUTORY NEGLIGENCE.—Following the weight of authority, it is held that a defendant relying upon contributory negligence as a defense must allege and prove it.

2. SAME—EXCEPTION.—The above is modified when, by the plaintiff's own testimony, a suspicion is raised that his own negligence may have contributed to the injury.

3. SAME—CHARGE.—See facts where it was not error to instruct the jury to find for the plaintiff if the defendant, by his agent, could, by ordinary care, have avoided the consequences of the negligence of the plaintiff; or by direct act of his agents, caused the act which produced the injury complained of.

4. MENTAL SUFFERING AS ELEMENT OF DAMAGES.—It is settled in this State that mental suffering is an element of actual damages where serious bodily injury is inflicted; and where such injury threatens permanent disability, and continues for a long time, the jury are authorized to consider the suffering of both body and mind in assessing the damages, without direct proof of such suffering.

5. NEGLIGENCE A FACT FOR THE JURY.—Texas & Pacific Railway Company v. Murphy, 46 Texas, 356, followed.

6. NEGLIGENCE.—Danger resulting from negligence is not one of the ordinary risks of operating dangerous machinery.

7. VARIANCE.—In action for personal injury the evidence showed the act to have been at a different place from where alleged. *Held* that

(1) The action is transitory; the allegation was immaterial, and it was not necessary that it be proved.

(2) The counsel of defendant, upon the testimony developing the different locality, if he had been misled by the allegation, should have made known his surprise, and would have been entitled to withdraw his announcement and to a continuance.

8. FELLOW SERVANT.—A married woman cooking on a work train, occupying a car, boarding work hands in employ of a railway company, the company paying the board to the husband, and deducting same from their wages, is not a fellow servant with the employes running the train.

9. DAMAGES—See case where ten thousand dollars not excessive damages.

APPEAL from Harrison. Tried below before the Hon. J. G. Hazlewood

This is an appeal from a judgment for ten thousand dollars damages for personal injury to the wife of the appellee. She was keeping a boarding car for the appellant, and while she was in her car on the track at Robeline, Louisiana, an engine was used to move her car, and in doing so, jerked the car, throwing her out, thereby injuring her. Suit was brought February 4, 1888, by her husband; the petition alleging the locality of the injury at Provencal, Louisiana.

The defendant pleaded a general denial and not guilty.

February 25, 1888, verdict and judgment for ten thousand dollars for plaintiff, from which defendant appealed.

The testimony of the injured party is given: "I am about sixty years of age. Last May I was cooking on the train—was cooking for my husband. I was boarding some twenty to forty men. The men were working for the railway company. The company paid my husband for their board; the money was kept out of the men's time. I was injured fourth of May last. (1887.) I was cutting up meat at the time of my injury. There were two or three freight trains at the station. A water car came for the boarding train and a brakeman came to me and asked me where I wanted the water car. I was standing in about three feet of the door of the car I was in—the car was violently struck and I was pitched out of the car. I had been in boarding car for twelve months. The train that struck my car was coming down hill. In thirty-three years of railroading it was the hardest blow I ever knew of. It broke my right leg and threw my right arm out of place, also hurt my back, right side and right shoulder. Doctor Thomas, of Robeline, set my

leg soon after the accident. * * * I staid down at the car four weeks. Two doctors attended me. After four weeks I was carried to Marshall. * · * * My stove was broken. It was cracked clean through the bottom of the oven and up the corner. It was broken by the jar of the cars. I am disabled from my injury yet. I suffered a great deal. My broken ankle and foot hurt me very much. My side still pains me. I am not so strong as was and never will be. My health before was very good—was never sick. Since my injury my health has been bad. I suffer pain continually since I was hurt. Changes in the weather pain me very much."

On cross examination: "I am not in good health now. * * * * Mr. Ecclester asked me where I wanted the water car put. He asked me this at the window of my car. I told him at the usual place. When the cook car was moved I fell out of the end towards New Orleans. The car with the machinery in it stood next to the cook car but was against it but not coupled on. * * * The engine which caused the wreck was towards Marshall from the cook car. The car I fell out of had an end door but no steps. It was four months before I was able to walk. This all happened at Robeline. I was injured on the line of the Texas Pacific railway."

The opinion gives additional facts sufficient for a full understanding of it.

*F. H. Prendergast,* for appellant: 1. The court erred in refusing the charges asked: "That if Mrs. Sullivan knew that the car was about to be moved when she stood up in the door of the car, and if in consequence of her standing up the jerk of the car threw her out, she can not recover." (Beach on Negligence, sec. 54; Ward v. Central Park R. R., 11 Abb., U. S., 411; same case, 42 How. Prac., 289; Camden R. R. v. Hoosey, 54 Am. Rep., 120; Patterson's Railway Acc. Law, sec. 272.)

2. Mrs. Sullivan ran the boarding cars and boarded employes of the defendant. She was not a passenger and not entitled to the special protection of one. If the jerk was not unusual, then she took the risk of being injured thereby. (C. & X. R. R. v. Welsh, 12 Ohio State, 475; Sweeney v. B. & I. E. Co., 101 N. Y., 524; N. Y. R. R. v. Vick, 17 Am. and Eng. R. R. Cases, 609; Patterson's Railway Acc. Cases, secs. 315, 316.)

3. The court should have charged that the variance was

fatal. The petition charged that she was injured at Robeline and the proof was to matters at Provencal.

4. Mrs. Sullivan was a fellow servant and the court erred in refusing to charge upon the exemptions of liability of defendant to her from the mere negligent act of a fellow servant. (N. Y. R. R. v. Vick, 17 Am. and Eng. R. R. Cases, 609; Patterson's Railway Acc. Law, sec. 216; Ryan v. C. V. R. R., 2 Penn. St., 384.)

5. The court erred in the twelfth paragraph of the charge in telling the jury that their verdict may embrace compensation for pain and suffering of the mind, because there was no evidence which entitled plaintiff to recover for pain and suffering of the mind. Mrs. Sullivan fell out of the car, and her leg was broken and ankle dislocated. She suffered a great deal; her ankle and foot hurt her very much; her side pained her; she was not so strong as formerly. No mention of pain of mind. Ordinarily there can be no recovery for anguish of mind unless you show malice, or the equivalent of malice, on the part of the person causing the injury. If the injury was not wilfully done, then mental suffering forms no part of actionable injury. (2 Greenleaf on Evidence, sec. 267 and note; Field on Damages, sec. 601.)

These are different cases from those where some disappointment or distress of mind, growing out of contractual relations, such as the suits against telegraph companies for non-delivery of messages, whereby sick or destitute or sorrowing relatives have been deprived of consolation or assistance. (Levy Cases. 59 Texas, 543, 563; So Relle Case, 55 Texas, 310; Stewart v. Telegraph Co., 68 Texas, 583.)

Anguish of mind is not a part of exemplary damages, but the right to recover for anguish of mind depends on the animus with which the injury was inflicted. Injuries arising from mere ordinary neglect can not support a finding for anguish of mind. The result in this case, a ten thousand dollar verdict, shows that juries are prone enough to enter the field of speculation without adding another element of uncertainty, which is also another item of damages. If the plaintiff's mind has not been injured, then the effect on his mind forms no part of the damage, except as an offset to the evil intent on part of the defendant.

No brief for the appellee came to the Reporter.

GAINES, ASSOCIATE JUSTICE.  This action was brought in the court below by Owen Sullivan, the appellee in this court, to recover of John C. Brown, as receiver of the Texas & Pacific Railway Company, damages for injuries to plaintiff's wife, alleged to have been caused by the negligence of the employes running a train which was operated upon a railroad in charge of the receiver.

It appears from the testimony that the plaintiff and his wife were keeping a boarding car for the receiver, in connection with a construction train, and that the boarding car and other cars having been attached to an engine for the purpose of moving it and of placing a water car in proximity to it at the station where it was situated, were started with a jerk, thereby throwing Mrs. Sullivan out of the door and upon the track, dislocating her arm, breaking her leg and inflicting other injuries. She had just been asked by the conductor and brakeman where she would have the water car placed, and was standing in front of and near the door when the car started.  As to the suddenness and force of the movement in starting the car, the evidence was conflicting.  Mrs. Sullivan testified, in effect, that the start was very quick and violent, and that it threw her out of the door.  Pauline Scott, a servant in her employ, also testified that she was standing in the car, and was thrown down. It also appeared that the stove in the car, belonging to plaintiff, was broken.  The employes of the receiver in charge of the train gave testimony tending to show that the jerk in starting was not unusual.

With two exceptions the assignments of error are based upon the charge of the court and the refusal to give instructions asked by the appellant.  The charge, we think, correctly presented the law of the case.  The jury are told, in effect, that the plaintiff could not recover unless the injury was caused by the negligence of defendant's servants, and are repeatedly instructed that even in that case the plaintiff could not recover if the negligence of his wife contributed to the injury.  By the repetition of the charge upon the law of contributory negligence, the court, it would seem, desired to make that question prominent, and to impress upon the jury the importance of giving it a careful consideration.  In one paragraph of the charge the court instructed the jury, in effect, that the defendant would be responsible if the injury was caused by the negligence of its servants, "although there may have been negli-

gence on the part of the plaintiff's wife, unless it appears that
under the circumstances she could, by the exercise of ordinary
care, have avoided the consequence of the defendant's negli-
gence," and it is urged that this instruction is erroneous, be-
cause it places the burden of proof upon the wrong party.
This court, following the courts of England, the Supreme Court
of the United States and the majority of the courts of the sev-
eral States, holds as a general rule that in actions of this char-
acter a defendant who relies upon contributory negligence as a
defense must allege and prove it. (Railway v. Murphy, 46
Texas, 356; Railway v. Spicker, 61 Texas, 427; Railway v. Cow-
ser, 57 Texas, 293.)

A seeming modification of the general rule has been recog-
nized in a case where, by the plaintiff's own testimony, a sus-
picion was created that his own negligence may have contrib-
uted to the injury. (Railroad v. Crowder, 63 Texas, 502.) In
the present case the situation and acts of the persons who par-
ticipated in the transaction which led to the injury and espe-
cially the conduct of the injured party herself were fully dis-
closed by the evidence, and it was proper to instruct the jury
to find for the plaintiff if the injury was caused by the negli-
gence of the defendant's employes, unless they found that
the plaintiff's wife was at the same time guilty of ordinary
negligence which contributed to the injury.

"The court erred in the sixth paragraph of the charge in
charging the jury that if defendant, by his agent, could by or-
dinary care have avoided the consequences of Mrs. Sullivan's
negligence, or by direct act of his agents caused the act which
produced the injury, plaintiff can recover. This was error,
because there was no evidence that defendant could have
avoided the consequence of Mrs. Sullivan's negligence."

We are not prepared to say that there was no evidence which
authorized this instruction. It does not directly appear that
the conductor saw Mrs. Sullivan at the time he signaled the
engineer to move the train, but it does appear that but a short
while before he had approached the boarding car to ask her
where she would have the water car put; and it was not un-
reasonable to infer that he may have been in a situation to
have known of her danger if in fact she was in any danger
from starting the car if moved in a careful manner. But in
no event is it probable that the jury were misled by the instruc-
tion.

It is also complained the court erred in instructing the jury that the plaintiff could recover for his wife's mental suffering, because it is insisted there was no evidence that she suffered pain of mind. It is settled in this State that mental suffering is an element of actual damages in this class of cases. Where serious bodily injury is inflicted involving fractures, dislocations, etc., and results in protracted disability and confinement to bed, we know that some degree of physical and mental suffering is the necessary result. Hence, when a serious bodily injury, which threatens permanent disability and continues for a long time is proved, the jury are authorized to consider the pain both of body and mind in assessing the amount of damages without direct proof of such sufferings.

In reference to the charges asked by the defendant and refused by the court, it is sufficient to say as to some of them that they had been given in the general charge and should not have been repeated. In special instructions numbered one and two the court was asked to charge "to the effect that if Mrs. Sullivan knew that the car was about to be moved, when she stood up in the door of the car, and if in consequence of her standing up the jerk of the car threw her out, she can not recover."

It was proved that Mrs. Sullivan was not standing in the door. But whether this was so or not, the question of negligence was one of fact to be determined by the jury in the light of the circumstances; and it would have been improper for the court to charge that it was negligence as a matter of law. (Ry. Co. v. Murphy, 46 Texas, 356.) The charge was properly refused.

We also fail to see that it would have been proper for the court to charge, that Mrs. Sullivan in taking charge of the boarding car assumed the ordinary risks of the situation. The theory of plaintiff's case was, that the injury was not the result of an ordinary accident, but was the consequence of negligence on part of defendant's servants. The jury were pointedly instructed in the general charge that the plaintiff could not recover unless the injury was by such negligence. We do not understand danger resulting from negligence to be classed among the ordinary risks of operating dangerous machinery.

The accident is alleged in the petition to have occurred at Provencal, Louisiana. The proof showed that it took place at Robeline, in that State. The defendant asked the court to charge the jury, that if the injury was inflicted at Robeline, and not at Provencal, as alleged, they should find for the de-

fendant; and this was refused. This is a transitory action. The rule at common law is that in such actions the allegation of place is immaterial, and that it need not be proved as alleged. (Hanner v. Raymond, 5 Taunt., 789; 1 Starkie's Evidence, 465; 1 Greenleaf's Evidence, sec. 61.) If the defendant's counsel had been misled by the allegation in the petition; and if when evi dence was introduced showing an injury at Robeline, he had moved the court to permit him to withdraw his announcement and continue the case, it would seem a proper practice for the court to have granted it, provided his motion had been sup- ported by affidavit. Such is the practice in New York, as reg- ulated by statute. But that defendant was not surprised in this case is shown by the fact that he had his witnesses present to meet the evidence introduced by the plaintiff.

The evidence bearing upon the relations between Mrs. Sulli- van and the defendant was given by herself, and is as follows: "Last May, I was on the work train at Robeline, Louisiana. I was cooking on the train; was cooking for my husband. I was boarding from twenty to forty men. The men were working for the Texas & Pacific Railway Company. The company paid my husband for their board, and the money was kept out of the men's time." The defendant asked the court to charge the jury that Mrs. Sullivan and the engineer were fellow servants, and that she could not recover for his negligence. We infer from the testimony which we have quoted that the plaintiff was keeping the company's boarding train and boarding the men under an agreement that the company would retain the men's board and pay it to plaintiff. We hardly think this made him an employe of the company. If the company had merely employed him to keep the boarding car and engage and super- vise the servants who assisted in the work, the relation would have been different. But the witness says she was working for her husband. Then she was not working for the company, and was in no sense its employe or servant. We are therefore of opinion that the court did not err in refusing the instruc- tion.

It is also assigned that the court erred in not granting a new trial, because the verdict is contrary to the evidence in this: The evidence showed it was Mrs. Sullivan's own fault in stand- ing in the door when she knew the car was about to be moved that caused the injury. In support of this assignment, it is con- tended that the fact that Mrs. Sullivan stood up in the car when

she knew it was about to be set in motion, is negligence.   Her testimony was that she was standing three feet from the door as the car started, and we can not say against the verdict of the jury that this was such negligence as would defeat a recovery.   Whether it was negligence or not, is a question of fact, and it was strictly within the province of the jury to determine it.   Under the rule of decision in our State, an act not in violation of the statutory requirement would have to be palpably reckless to authorize the court to declare it negligent per se.   Nor can we say that the damages are so clearly excessive as to require a reversal of the judgment.   Mrs. Sullivan's leg was broken and her arm dislocated, her back, shoulder and side injured.   She testified that her sufferings were great, and that she still suffered from her injuries.   Nearly twelve months had elapsed and she had not recovered and had been able to do no work.   The injury occurred in May, and she was unable to walk until September.   A witness testified that previous to the injury she was a stout, healthy woman, but that at the time of the trial she was hardly able to dress herself. The verdict is large, and the court below, in the exercise of a sound discretion might properly have set it aside, but the damages are not so great as to manifest that the jury were actuated by passion or prejudice, and therefore we can not disturb the verdict because it may seem to us too large.

The judgment in this case, as in that of Brown, Receiver v. Brown, decided at a former day of this term, attempts to make the recovery a lien upon the earnings, etc., of the railroad in the hands of the receiver.   This in the case cited is held to be error.   The judgment in this case will accordingly be reformed in that particular and affirmed.   The appellant will recover the costs of this appeal.

*Affirmed.*

Opinion delivered October 16, 1888.