T. M. CAMPBELL, RECEIVER OF INTERNATIONAL & GREAT NORTHERN
RAILWAY COMPANY, v. R. J. HARRIS.

No. 174.

1. **Injury to Wife of a Fellow Servant.**—Appellee was in the employment of appellant as foreman of the fence gang, and with them occupied three cars furnished by the company, and standing on a side track. His wife, by permission of the company, was on a visit to him, and was injured during the night by the derailment of the car in which they were sleeping; the derailment being caused by the mistake of the conductor, who was moving the cars, in turning a wrong switch. A verdict in favor of appellee for damages for his wife's injury was affirmed.

2. **Same—Husband may Recover—Fellow Servant.**—If plaintiff's wife is entitled to damages. the suit must be brought by the husband. and in his name; and the rule that one can not recover for injury caused by the act of a fellow servant has no application or bearing upon the question of the right of the wife to recover in this case.

3. **Mental Suffering—Damages.**—While as a general rule mental suffering is not an element of damages when the plaintiff sues for injuries inflicted upon another. this is not true when the suit is by the husband for injuries to his wife. In such case. the same rule applies as would if the suit were by the wife herself.

4. **Liability of Railway to One Occupying Car by Permission.**—One who is on the cars of a railway company, not as a passenger, but simply

through the favor or courtesy of the company, may recover damages for injuries to his or her person, caused by the negligence of the servants of the company.

5. **Assumed Risks.** — The plaintiff's wife, in going upon and remaining upon the cars of defendant with her husband, did not assume the risks of such accidents as the one by which she was injured.

### ON MOTION FOR REHEARING.

6. **Wife not Bound by Husband's Contract to Assume Risks.—** Because the law does not permit the husband to recover for injuries received by his wife through his own negligence, it does not follow that the husband can not recover from his employer for injuries to his wife, inflicted through the negligence of the husband's fellow servant. The wife is not bound by the husband's contract to assume all risks of injury resulting from the negligence of his fellow servants. The existence of the wife is not merged in that of her husband, nor is the money recovered for injuries to her his exclusive property, and he who has wronged her can not justify under a contract made with the husband.

APPEAL from Anderson.   Tried below before Hon. F. A. WILLIAMS.

*R. H. Gould,* for appellant.— 1. Plaintiff being a servant of defendant, who was not liable to him for damages resulting from personal injuries received through the negligence of a fellow servant, it is hard to see how defendant can be liable to him for damages resulting to him from injuries to his wife through the negligence of his fellow servant, when that wife, at his request, voluntarily assumes the same dangerous position that he assumes.   Her position can be no better than his; the master owes to her no greater duty than to him.   Railway v. Ryles, 87 Ga., 491; Richards v. Railway, 45 Am. and Eng. Ry. Cases, 54; Diebold v. Railway, 14 Atl. Rep., 576; June v. Railway, 153 Mass., 79; Craig v. Mt. Carbon Co., 45 Fed. Rep., 448.

2. The court erred in overruling defendant's second special exception to said petition, because the mental anguish of his wife is not shown to have damaged plaintiff.   Rev. Stats., arts. 2909; McGown v. Railway, 85 Texas, 289.

*Link & McMeans,* for appellee.— 1. Plaintiff's wife not being a servant of defendant, could not be a fellow servant of the conductor through whose negligence she was injured.   Brown v. Sullivan, 71 Texas, 470; Railway v. White, 80 Texas, 202.

2. The confidence induced by undertaking even a gratuitous service for another is a sufficient legal consideration to create a duty in its performance; hence the defendant is liable in damages for negligence which results to the injury to the person who is lawfully on his car.   Prince v. Railway, 64 Texas, 144; Brown v. Sullivan, 71 Texas, 470; Railway v. White, 80 Texas, 202.

3. " It is settled in this State that mental (and physical) suffering is

an element of actual damages in this class of cases." Brown v. Sullivan, 71 Texas, 470; Railway v. Box, 17 S. W. Rep., 375; Gallagher v. Bowie, 66 Texas, 266; Railway v. Thornsbury, 17 S. W. Rep., 521.

PLEASANTS, ASSOCIATE JUSTICE.—The appellee was in the employment of appellant as foreman of the fence gang—men employed in fencing the right of way of appellant—and he was at the same time boarding the hands under his charge and supervision. For this he was paid 50 cents per day for each boarder, the defendant retaining the board out of the wages of the men. The company furnished appellee with three cars, one of which was occupied by the men, another by the foreman and his cook, and the third was used as a kitchen and mess hall. While so employed in service of defendant, appellee's wife, while on a visit to him, was, as he alleges in his petition, injured by the derailement of the car in which they were lodging, with their two children and the cook; the derailment being caused through the alleged negligence of one of the servants of defendant company. The appellee brought suit and recovered judgment for the sum of $4750, from which judgment defendant appealed.

The defense made to the action was, contributory negligence, negligence of fellow servants, and that the wife of plaintiff was voluntarily in the car, without defendant's knowledge or permission, and defendant owed her no duty, and she assumed the risk of her situation.

The facts of the case, in addition to those recited in the statement given above of the plaintiff's suit and its results, are, as we deduce them from the record, as follows: On the 8th of February, 1891, about midnight, while appellee and his wife and children were asleep in appellant's car, it became necessary to remove the car from the track on which it was standing, and for this purpose a conductor of a freight train operated by defendant between Phelps and Tyler, attached an engine to the car and attempted to switch it on another track, and the car was derailed and pulled for some distance over the crossties, and finally thrown from the track upon the ground. It was not turned over, but tilted at an angle of about 45 degrees. Appellee and his wife and one child were sleeping together. Their bed was not turned over, nor was any one of them thrown from the bed, but they were jolted and piled upon each other against the side of the car. They lay upon two mattresses, but notwithstanding this, the jolting over the crossties shook them up considerably. The wife was assisted from the car, and with assistance she walked first to the depot, and from there to the hotel in the town, where she remained until sometime during the day of the 9th, when she returned to the car, and continued to stay on the same, with her husband and children, for some weeks. There is testimony that at the time of the occurrence both the wife and the husband declared that she was badly scared, but not hurt.

The accident resulted from the conductor's mistake in turning the wrong switch. There were two switches very near each other, and the conductor made the mistake, as he admitted, of turning one of the switches when he should have turned the other. He told appellee he was the cause of the damage to his property on the car, and directed him to make out his account. The appellee estimated his loss, by injury to his cooking stove, his crockery, and one of his bedsteads, at $15, which sum ' was paid him by the conductor.

Some days before the accident the appellee applied for leave to visit his family at Palestine. He was told by the officer to whom he applied for a leave of absence that he could not be spared from his work, but that he would go to Palestine in a few days, and would procure a pass for his family, and send them down on a visit to him; and it was also shown that it was the habit with men who boarded railway hands to take their families with them, and to keep them in the cars furnished by the company for boarding purposes.

The testimony of the witnesses for the plaintiff as to the condition of the wife's health before the accident was, that it was good; that she was able to, and did, cook and sew for herself and children. On the other hand, there was testimony for the defendant to the effect, that the wife had been an invalid for years, and that her husband had brought her from her home to stay upon the cars, in the hope that the change would be beneficial. Doctor West testified, that he was the family physician of appellee at one time for several years; that he had not been his physician for three or four years before the accident by which his wife was said to have been injured; that when he treated appellee's wife she suffered from constipation and falling of the womb, and was subject to flooding. His opinion was, that her present suffering could not have been produced by the jolting or concussion she received at the time of the derailment of the car in which she was lodging. Since the accident the wife has been an invalid. She is over 45 years of age; suffers from pain in the back and abdomen and head, and from flooding, and has a lump in her side, which her physicians say is one of her kidneys, which has been from some cause displaced; and if she was in good health at the time of the accident and previous thereto, about which they have no knowledge except that derived from her statements, they think the displacement of the kidney was proximately caused by the shock her system received from the derailment of the car. Other surgeons who testified were of opinion that the sufferings of appellee's wife could not have been caused by the jolting incident to the derailment of the car.

The appellant's objections to the judgment for appellee may be considered under three heads: first, the evidence makes it manifest that if plaintiff has suffered injury, the injury was caused by the negligence of

his fellow servant; second, that the jury were instructed, that in assessing the damages they might allow for the mental suffering of the wife; and third, that the wife being upon the car for the convenience and comfort of her husband, and at most, only by permission of the defendant, defendant owed to her no higher duty than it owed the plaintiff; and if negligence of a fellow servant precludes recovery by plaintiff, it must defeat also a recovery by his wife.

As to the first of these objections, it suffices to say, that if plaintiff was suing for recovery of damages for injuries inflicted upon himself through the negligence of a fellow servant, the objection would be well taken; but when the suit is by the husband for damages for injuries inflicted upon the wife, the rule, that one can not recover for injury caused by the act of a fellow servant, has no application. If plaintiff's wife is entitled to damages, the suit must be brought by the husband. She can not institute the suit herself; it must, except in rare cases, be brought by the husband, and in his name. Suppose a wife to be a passenger on a train of cars, and her husband should be one of the train men, and through the negligence of one of his fellow servants the train should be derailed, and the wife, by the derailment, severely injured; could it be pretended that the wife could not recover because the suit was brought by the husband? We think not. The reasons in which the rule invoked by appellant is founded have no connection with or bearing upon the question of the right of the wife to recover in this case. When the reason for the rule ceases, the rule itself ceases to operate.

The second objection is clearly not tenable. That mental suffering is a basis or element of damages is not denied; but it is insisted that such suffering is not an element for damages when the plaintiff sues for injuries inflicted upon another. While this is true as a general rule, it is not true when the suit is by the husband for injuries to the wife. In such case the same rule applies as would if the suit were by the wife herself. Brown v. Sullivan, 71 Texas, 470; Railway v. White, 80 Texas, 202.

The evidence shows very plainly that appellee's wife was staying with her husband upon the cars of defendant, not only by the permission of defendant, but at the suggestion of the agent or servant of defendant under whose orders appellee was working. The contention of appellant, that one who is upon a train of cars through favor or courtesy can not recover for injuries resulting from negligence of the servants of the railway company is doubtless the rule in some of the States of the Union, but such is not the rule here, as we understand the decisions of our Supreme Court. White v. Railway, 80 Texas, 202; Brown v. Sullivan, 71 Texas, 470; Prince v. Railway, 64 Texas, 144.

In the case of Brown v. Sullivan, the plaintiff was boarding hands in the employment of defendant, the receiver of the Missouri Pacific Railway. He was furnished cars for this purpose by defendant, and his wife

stayed with him upon these cars, and cooked for him; and while so engaged she was injured. Her injuries were caused by the negligence of defendant's servants in handling an engine. The engine and its tender, while being switched in the yard, were allowed to come with such force against the car in which the plaintiff's wife was standing as to throw her from the car upon the ground, by which she was severely injured. The plaintiff was permitted to recover damages for the injury sustained by his wife.

From this and the other cases cited above, it is evident that under the law as construed and administered in the courts of this State, one who is on the cars of a railway company, not as a passenger, but simply through the favor or courtesy of the company, may recover damages for injuries to his or her person, caused by the negligence of the servants of the company. In the face of these decisions, we do not feel authorized to reverse the judgment rendered for the appellee. We do not think the court erred in the charge given to the jury, nor did it in refusing the charges asked by the defendant, and in overruling the defendant's demurrers to the petition.

There is much that may be said in support of the contention made by appellant's counsel, that the plaintiff's wife, in going and remaining upon the cars of defendant with her husband, assumed the risks of such accidents, at least, as the one by which she claims to have been injured. But for the decisions to which we have referred, the writer would be inclined to hold, that under the facts of this case the defendant should not be liable to the plaintiff, without proof that defendant was guilty of negligence in the selection of its servants.

The judgment of the lower court is affirmed.

*Affirmed.*

Delivered May 18, 1893.

### ON MOTION FOR REHEARING.

PLEASANTS, ASSOCIATE JUSTICE.—We have duly considered appellant's motion for a new hearing, and after weighing the argument of its learned counsel in support of the motion, we are constrained to say, with all deference to counsel, that we find nothing in their motion or their briefs which shakes our confidence in the correctness of the decision rendered herein on a former day. Counsel misapprehend the purpose for which the cases of Brown v. Sullivan, Railway v. White, and Railway v. Prince are cited in the opinion announcing the decision in this case. These authorities were cited to show the liability of a railway company to a mere licensee for injuries sustained by the negligence of the company's servants. The opinion does not hold that these cases negative the proposi-

tion, that a wife of a railway employe can not in this State maintain suit. in the name of her husband against the husband's employer for injuries. inflicted by a fellow servant of her husband. The opinion rejected this. proposition, and attempted to show its fallacy, but not by reference to. the decisions above cited.

If we apprehend correctly the ground upon which appellant's counsel' rest their motion for a new hearing, it is this: Because the law does not. permit the husband to recover from his employer damages for injuries received by his wife through the negligence of the husband, therefore the husband can not recover from his employer for injuries to his wife inflicted through the negligence of the husband's fellow servant. To the proposition, that the husband can not recover, and should not recover, of ' his employer damages for injuries received by his wife through his negligence, we give our full assent; but to the other proposition, that the husband can not recover of his employer damages for injuries sustained by the wife through the negligence of the husband's fellow servant, we can not assent. The second proposition is not, as counsel in their argument seem to assume, a logical sequence of the first. Every employe of a railroad, in contemplation of the law, by the contract of employment, agrees and undertakes to exercise skill and care in the discharge of his duties. Such being the nature of the contract between the employer and the employe, it would manifestly be unjust to the employer to permit an employe to recover damages from his employer for injuries received by the wife of ' the employe through his own negligence. To permit such recovery would allow the employe to reap a benefit for his breach of contract. And the wife should not be permitted to recover, for the reason that to permit her to do so would, in effect, concede the right of the wife to recover damages from her husband for injuries inflicted upon her person by or through his negligence. Because, if the employer be liable to the wife for injuries inflicted upon her through the negligence of her husband, then the employer should recover from the husband, under his contract of employment, the damages recovered of him by the wife. These are the reasons, as we conceive, why the wife is held by the law chargeable with the negligence of her husband, and is in such case denied a remedy against his. employer.

But to deny the wife the right to recover damages for injuries resulting from the negligence of her husband's fellow servant, is to bind her by a contract to which she is not a party. The wife is not bound by the husband's contract to assume all risks of injury to his person resulting from the negligence of his fellow servants. The existence of the wife is not with us, as at common law, merged in that of her husband. She has rights, and can maintain suit for their protection; and she can recover damages for wrongs done her, and the money recovered for such wrongs is not, as at common law, the exclusive property of the husband. And.

while it is true that the wife must generally sue in the name of her husband, he who has wronged her can not justify under a contract made with her husband, to which she is in nowise a party. The husband, it is true, can by his contract convey the interest of the wife in the community estate, but we know of no law which would authorize the husband to make a contract binding upon the wife, which would exclude her from the right to recover for injuries to her person, inflicted by the wrong or negligence of another. The motion must be denied.

　　　　　　　　　　　　　　　　　　　*Motion overruled.*

Delivered June 29, 1893.

Writ of error was refused by the Supreme Court November 8, 1893.