INTERNATIONAL AND GREAT NORTHERN RAILROAD COMPANY v. BEN MUSCHAMP.

Decided October 25, 1905.

**1.—Master and Servant—Assumed Risk.**

A stonemason engaged in building the wall of a railway culvert did not assume the risk of injury by negligence of a member of a piledriver gang working under a different foreman and engaged in constructing the same culvert.

**2.—Master and Servant—Negligence.**

Facts considered and held to support a recovery against the master by a stonemason hurt while laying the wall of a railway culvert by the negligence of a member of a piledriver gang engaged at the construction of a tressle, in shoving a plank from the scaffold without warning, striking plaintiff therewith.

**3.—Charge.**

An instruction that the jury were bound to receive the law from the court "as given in this charge" was not erroneous as leading them to disregard the law as·given in a special instruction at request of appellant.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher,* for appellant.—The court erred in refusing to give special instruction No. 3, asked by defendant, because the defendant had interposed the defense of assumed risk as to which there was sufficient evidence to justify its submission to the jury, and the court in its charge had omitted to present this issue to the jury for its determination. Assumed risk.—Fort Worth, etc., Ry. Co. v. Gilstrap, 61 S. W. Rep., 351; Texas C. Ry. Co. v. Poe, 74 S. W. Rep., 563; San Antonio & A. P. Ry. Co. v. Waller, 65 S. W. Rep., 210; Webb v. Gulf, C. & S. F. Ry. Co., 65 S. W. Rep., 684; Railway Co. v. Storey, 62 S. W. Rep., 130; Railway Co. v. McCarthy, 64 Texas, 632; Bonnet v. Railway Co., 89 Texas, 72; Railway Co. v. Bradford, 66 Texas, 732; Railway Co. v. Drew, 59 Texas, 10; Railway Co. v. Lempe, 59 Texas, 19; Williams v. Railway Co., 116 N. Y., 628; Lovejoy v. Railway Co., 125 Mass., 79; Quill et al. v. Houston & T. C. Ry. Co., 93 Texas, 616; Missouri P. Ry. v. Somers, 71 Texas, 700; Missouri P. Ry. Co. v. Somers, 78 Texas, 439; Green v. Cross & Eddy, 79 Texas, 130; Texas & P. Ry. Co. v. French, 86 Texas, 96; Bonnet v. Galveston H. & S. A. Ry. Co., 89 Texas, 75.

The court erred in the seventh paragraph of its charge on the law of the case, because the same, in advising the jury that they were bound to receive the law of the case from the court as given in the main charge of the court, expressly excluded from the consideration of the jury special instruction No. 2, asked by defendant and given by the court.

*Allen & Hart,* for appellees.—The injury to the appellee having been caused by the negligence of another employe or employes of the appellant who were not fellow servants of the appellee, and the jury having found that the appellee was not guilty of contributory negligence, no question of assumed risk arises. Brown, Receiver, v. Sullivan, 71 Texas, 470; Railway v. Silliphant, 70 Texas, 623; San Antonio & A. P. Ry. Co. v. Brock, Texas Law Journal, vol. 3, p. 188; Texas Central Ry. Co. v. H. C. Pelfrey, Texas Law Journal, vol. 4, p. 766; Texas & New Orleans Ry. Co. v. Kelley, Texas Law Journal, vol. 4, p. 220; Missouri, K. & T. Ry. Co. v. Crum, Texas Law Journal, vol. 4, p. 330; Consumers Cotton Oil Co. v. Jonte, Texas Court Rep., vol. 10, p. 633; Railway v. O'Connor, Texas Court Rep., vol. 9, p. 122.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, which resulted in the court below in a verdict and judgment for the plaintiff for $2,500, and the defendant has appealed.

The verdict of the jury involves findings to the effect that the defendant was guilty of negligence as charged in the plaintiff's petition; and that the plaintiff was not guilty of contributory negligence, as alleged in the defendant's answer; and that as a result of defendant's negligence the plaintiff sustained injuries as alleged, for which the amount recovered is not excessive compensation.

The first, second and third assignments of error complain of the

court's refusal to submit to the jury the question of assumed risk. The testimony shows that appellee was engaged as a stonemason, together with two other workmen, on the side wall of a culvert on appellant's road at Rockdale. He was standing on a scaffold, about four feet from the ground, and engaged in laying stones. Appellant had another crew of employes working at the same time and place under a different foreman. These were known as the piledriver gang. At the time in question, they were working on the trestle, and the scaffold on which they were working was about 18 feet from the ground. It was not directly over the scaffold on which appellee was standing, but about 12 or 14 feet to one side of it. It became necessary for the piledriver gang to remove the scaffold or staging used by them, and while one of them was taking it down, he shoved off a plank which struck appellee and caused the injuries complained of.

The petition charged, and the jury evidently found, that it was negligence to remove the plank in the manner disclosed by appellee's testimony without first giving him warning. Appellee was not working with the piledriver gang, and did not assume the risk resulting from the negligence complained of. (Brown v. Sullivan, 71 Texas, 470; Railway v. Silliphant, 70 Texas, 623; Railway v. Brock, 3 Texas Law Journal, 188; Railway v. Pelfrey, 4 Texas Law Jour., 766; Railway v. Jonte, 10 Texas Ct. Rep., 63.)

The fourth assignment complains of the charge of the court wherein the jury were informed that they were "bound to receive the law of the case from the court, as given you in this charge, and be governed thereby in arriving at your verdict." The contention is that the language quoted had a tendency to mislead the jury and prevent them from considering a special charge requested by appellant and given by the court. We do not think the language referred to is susceptible of that construction. Its object and purpose was to impress upon the jury the fact that they were to obtain the law of the case from the court, whether given of its own motion or by request. The requested instruction related to the question of release, which had already been covered by the court's charge; and there being no conflict between the charges given upon that subject, we do not think the jury were misled by the language complained of, though the special charge may have been more elaborate than the court's charge upon that subject.

The other assignments complain of the verdict, which we find to be supported by testimony. All the assignments of error are overruled and the judgment is affirmed.

*Affirmed.*

Writ of error refused.