## UNITED STATES FIDELITY & GUARANTY CO. v. BALDWIN MOTOR CO.
### (No. 3704.)

Court of Civil Appeals of Texas. Texarkana. May 23, 1929.

Rehearing Denied June 6, 1929.

Seay, Seay, Malone & Lipscomb, of Dallas, and Thos. G. Pollard, of Tyler, for appellant.

Edwards & Hughes, of Tyler, for appellee.

HODGES, J. In July, 1927, the appellant issued a policy insuring the appellee against loss resulting from liability for injuries or death and for damage or destruction of property under certain conditions named in the policy. The appellee is a private corporation, and at the time the policy was issued was engaged in selling automobiles, and for that purpose had established and was maintaining agencies and garages at Tyler, Henderson, Jacksonville, and Nacogdoches, all within the state of Texas. In 1928, while the policy of insurance was in force, a suit was filed against the appellee by Homer E. Rogers and wife in the district court of Angelina county, Tex., to recover damages for the negligent killing of their minor daughter by an alleged employee of the appellee. Notice of the filing of that suit was given to the appellant by the Baldwin Motor Company, and demand made that appellant make the

necessary defenses. But appellant refused to defend the suit, on the ground that it was not covered by the policy of insurance. Upon notice of that refusal the appellee employed attorneys and took such other steps as it thought necessary to present its defenses. After investigation into the basis of that suit, and negotiation with the interested parties, the attorneys for the appellee secured a judgment of dismissal. This suit was then filed by the Baldwin Motor Company against the appellant for reimbursement of the attorneys' fees and for other expenses incurred in preparing for the defense against that suit. The amount sued for is $1,250 for attorneys' fees and $364.79 as expenses of investigation. These sums, it is alleged, were paid out by the appellee for the purposes above stated. The additional sum of $750 was also asked for as compensation for attorneys employed in this proceeding.

The case was tried before the court without a jury, and a judgment rendered against the appellant for the sum of $1,250 as attorneys' fees and $364.79 as expenses, no further allowance being made for reimbursement for attorneys' fees paid or in the prosecution of this suit.

As a defense to this suit, appellant pleads the same ground upon which it refused to defend the Rogers—that it was not one covered by the provisions of the insurance policy.

It is not contended that the policy bound the appellant to defend every character of suit for damages that might be instituted against the Baldwin Motor Company. Its obligation was limited to those suits wherein a judgment might be recovered against the Baldwin Motor Company which the appellant contracted to satisfy in whole or in part. The nature of the suit instituted by Rogers and wife, and what judgment they might have recovered if the suit had been successfully prosecuted, can best be determined by the terms of the original petition. The substance of that petition may be briefly stated as follows: The plaintiffs resided in Angelina county, Tex. The Baldwin Motor Company was a domestic corporation doing business in the state of Texas, with its principal office and domicile in the city of Tyler, Smith county, Tex., and with a local office and place of business and local agency in the city of Lufkin, Angelina county, Tex., where it was doing business on the 5th day of March, 1928. The plaintiffs were the father and mother of Florine Eugenia Rogers, a girl of seven years of age, who was killed within the city limits of Lufkin on the date above mentioned by the negligent operation of an automobile by De Loach O'Neil, a negro boy fifteen years of age. O'Neil was at the time in the performance of his duties as an em-

ployee of the Baldwin Motor Company, and was operating a car owned by that company in furtherance of its business. The negligence alleged was: (1) O'Neil was driving the car at a high, dangerous, and reckless rate of speed, 40 miles per hour, through a densely populated portion of the city of Lufkin. (2) He was operating the car in violation of article 789 of Vernon's Criminal Statutes of the State of Texas, which fixed a limit of 35 miles per hour, and in violation of traffic regulations applicable to incorporated cities and towns. (3) He was violating the laws of the road in driving his car on the wrong side of the street. (4) The car which O'Neil was driving was equipped with defective and inadequate brakes. (5) The Baldwin Motor Company was guilty of negligence in employing and knowingly retaining in its service a boy only fifteen years of age, who was ignorant and incompetent and wholly disqualified for the work he was attempting to do. The petition closed with a prayer for damages in the sum of $20,000.

Counsel for appellant calls attention to two specific averments in that petition, which they claim state a cause of action not covered by the policy. One is that the age of the alleged employee, whose negligence caused the death of the child, is stated as less than sixteen years, and that the policy sued on expressly exempts the insurer from liability for damages resulting from the negligence of employees under sixteen years of age. The other averment is that the agency with which that employee was connected was located at Lufkin, Angelina county, whereas, according to its terms, the policy of insurance covers only the acts of those employees connected with the agencies at the four places designated in the policy—Tyler, Henderson, Jacksonville, and Nacogdoches.

The material portions of the policy of insurance are as follows:

"United States Fidelity and Guaranty Company, Baltimore, Maryland, a stock company (hereinafter called the company), in consideration of the premium and subject to the terms, limits and conditions set forth herein, does hereby insure the assured, named and described as such in the Schedule of Statements hereto, Against liability for loss and or expense, arising or resulting from claims upon the Assured for damages in consequence of an accident occurring within the limits of the United States and Canada during the term of this policy, resulting in

"*Injury to Persons*

"(A) *Bodily injuries, or death* resulting at any time therefrom, suffered by any person or persons, not herein excepted, and

"*Damage to Property of Others.*

"(B) *Damage to or destruction of property,* including the loss of use thereof, excepting property in the custody of the Assured and for which the Assured is legally responsible; or property carried in or on any automobile of the assured by reason of

"(1) The operation and or maintenance of an Automobile Garage and or sales agency and or service station, including the repair shop, if any, conducted in connection therewith, all as located and described in the Schedule of Statements of this policy.

"(2) The ownership, maintenance, operation and or use of any style, type or make of automobile, tractor or trailer by any person, not herein excepted, for any purpose, not herein excepted, incidental to the Assured's business of operating an Automobile Garage and or sales agency and or Service Station all as located and described in the Schedule of Statements of this policy, and for pleasure use, including the transportation or delivery of goods or merchandise for prospective customers as is strictly incidental to the demonstration and sale of automobiles.

"(3) The making of repairs and ordinary alterations (not of a structural character) for the maintenance of the described premises in good condition.

"(4) The renewal of existing mechanical equipment on the premises occupied by the Assured as herein described.

"*Limits of Liability for Personal Injury*

"*The Company's liability* to one of all Assureds under Clause A above is limited to five thousand dollars ($5,000.00) to any one person; and subject to the same, limit for each person, the Company's total liability from loss from any one accident is limited to ten thousand dollars ($10,000.00)

"*Limits of Liability for Property Damage*

"The Company's liability to one or all Assureds under Clause B above on account of any one accident is limited to one thousand dollars ($1,000.00), irrespective of whether property of one or more than one person is damaged or destroyed.

"*Defense of Suits*

"*In addition to the above, the Company does hereby agree*

"(C) *To defend,* in the name and on behalf of the Assured any suit brought against the Assured to enforce a claim, whether *groundless or not,* on account of damages suffered or *alleged* to be suffered under the circumstances hereinabove described;

"*Payment of Expenses*

"(D) *To pay the expenses* incurred in defending any suit described in the preceding paragraph, also the interest on any judgment within the limits of the insurance hereby granted and any costs taxed against the Assured on account thereof;

"*Reimbursement of Expenses*

"(E) *To reimburse* the Assured for the expense incurred in providing such immediate surgical relief as is imperative at the time of any accident covered hereunder."

Other immaterial provisions which follow are omitted.

"The following statements numbered one and nine, inclusive, are hereby made a part of this policy, and are warranted by the assured to be true by the acceptance of this policy:

"Schedule of Statements

"Statement 1. Name of Assured—The Baldwin Motor Company.

"Statement 2. Address of Assured—302 N. Broadway, Tyler, Texas.

"Statement 3. The Assured is corporation.

"Statement 4. Assured's interest in the premises is Lessee.

"Statement 5. The term of this policy begins at noon on the 10th day of July, 1927, and ends at noon on the 10th day of July, 1928, standard time.

"Charge in Limits

"Statement 6. In lieu of the limits of liability printed in the body of this policy, the following stated limits shall prevail:

"For public liability: First limit Five Thousand Dollars ($5000.00).

"Second limit Ten Thousand Dollars ($10,-000.00).

"For property damage: Highest limit One Thousand Dollars ($1,000.00).

"Premium Computation
"Statement 7.

| Location Each Branch must be separately listed. | Estimated Annual Payroll of all Employees, active officers at $2,000.00 | Rate per $100.00 of Payroll | Premium |
|---|---|---|---|
| 320 N. Broadway 311 N. College St. | $20,000.00 Public Liability Property Damage | .45 .30 | $ 90.00 60.00 |
| Nacogdoches, Texas | $6,000.00 Public Liability Property Damage | .45 .30 | $ 27.00 18.00 |
| Henderson, Texas | $1,500.00 Public Liability Property Damage | .45 .30 | $ 6.75 20.25 4.50 13.50 |
| | | | $240.00 |

"The first rate shall be applied per $100.00 of payroll for the first $25,000.00 of annual payroll of each branch.

"The second rate shall be applied per $100.00 of payroll in excess of $25,000.00 up to and including $50,000.00 annual payroll for each branch."

The proof in the trial of this case was sufficient to warrant a finding that the Baldwin Motor Company had no garage or established sales agency at Lufkin at the time the child of Mr. and Mrs. Rogers was killed, and that O'Neil, who was charged with the killing, was over the age of 16 years and was in no way connected with the service of the Baldwin Motor Company at Lufkin, or at any other place in Texas. The evidence did show that a man by the name of McClain, who resided at Lufkin at the time the accident occurred, occasionally sold on commissions cars handled by the Baldwin Motor Company through its Nacogdoches agency. But the proof further showed that O'Neil was not employed by McClain in any capacity. In short, the evidence conclusively shows that the suit filed by Rogers and wife against the Baldwin Motor Company was groundless. But that fact alone was not sufficient to relieve the appellant of the duty of defending that suit, since it contracted to defend all suits covered by its policy, whether groundless or not.

The liability of the appellant in this proceeding depends, not so much upon the proof which the plaintiffs in the Rogers suit might have been able to offer in support of their claim for damages, but upon the judgment they might have recovered if they had proved any of the material facts pleaded as a basis of their cause of action. Their claim for damages was, in substance, that their minor child was killed by the negligence of an employee in the service of the Baldwin Motor Company. It is true they alleged that the employee was under the age of sixteen years. But his age was important only in considering the charge of negligence on the part of the Baldwin Motor Company in keeping one of that age in its service. In considering the other charges of negligence, such as reckless driving, exceeding the speed limits, driving his car on the wrong side of the street, and the failure to have the car equipped with proper brakes, the averment as to the age of O'Neil might have been treated as wholly immaterial.

It is also true that Rogers alleged that the Baldwin Motor Company was maintaining a garage and an automobile agency at Lufkin, and that O'Neil was among those employed in the conduct of that agency. But the gist of the suit was that O'Neil was an employee of the Baldwin Motor Company—not that he was employed in connection with a particular agency, or branch of the service. The liability of the Baldwin Motor Company would have been the same if in the trial of that case the proof had shown that O'Neil was connected with the agency at Tyler, Jacksonville, Henderson, or Nacogdoches. In making out his case Rogers would have been required to establish only the substance of the issues presented in his pleadings. Kottwitz v. Bagby, 16 Tex. 659; Matlock v. Glover, 63 Tex. 234; Brown v. Sullivan, 71 Tex. 470, 10 S. W. 288; 22 Ency. Plead. & Prac. pp. 533–537, and cases cited in notes.

It follows from what has been said that the petition filed by Rogers and wife against the Baldwin Motor Company was upon its face a suit wherein the plaintiffs might, upon appropriate proof of the facts alleged as

the basis of their cause of action, have recovered a judgment against which the Baldwin Motor Company was protected by the policy of insurance issued by the appellant. We think the trial court properly so held.

Complaint is made that the judgment for attorneys' fees and expenses is excessive. It appears from the record that the reasonableness of the amount awarded is supported by testimony upon which the trial court had a right to rely.

The judgment will therefore be affirmed.