NUMBER 13-99-021-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


_________________________________________________________________


SOUTHWESTERN BELL TELEPHONE COMPANY
, Appellant,


v.



DANNY ALEMANIA
, JR., Appellee.

_________________________________________________________________


On appeal from the County Court at Law No. 4 


of Nueces County, Texas.


_________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and Yañez


Opinion by Chief Justice Seerden



 Southwestern Bell Telephone Company ("SWBT"), appellant, complains of the trial
court's award of damages for mental anguish in a suit for damages arising from an
automobile collision. The issue presented for review is whether the jury's award of mental
anguish damages was supported by legally and/or factually sufficient evidence. We hold
that it was and affirm the trial court's judgment.

 Appellant does not challenge the jury's findings on liability, the award for $6,000 for
past medical expenses, $3,000 for past physical pain or $500 for lost wages. Its only
contention is that the $10,000 jury finding for past mental anguish was not supported by
legally or factually sufficient evidence.

 In a legal sufficiency review, we may only consider the evidence and inferences
tending to support the jury's findings. This evidence must be viewed in the light most
favorable to the findings and we must disregard any evidence and inferences to the contrary. 
Sherman v. First Nat'l Bank, 760 S.W.2d 240, 242 (Tex. 1988). So long as there is more
than a scintilla of evidence supporting the finding, the challenge will be overruled. Id. By
contrast, in a factual sufficiency review, we examine all of the evidence, regardless of its
effect on the challenged finding. Lofton v. Texas Brine Corp., 720 S.W.2d 804, 805 (Tex.
1986). We may reverse the challenged finding only if it is "so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust." Cain v. Bain, 709 S.W.2d 175,
176 (Tex. 1986). 

 SWBT argues that the record shows no direct or circumstantial evidence to support
an award for mental anguish. To support its argument, SWBT points to the fact that
Alemania was asked only one question regarding his "mental anguish." SWBT insists that
all other testimony and evidence relates generally either to the nature of the accident or the
degree of Alemania's physical injuries. Thus, SWBT argues, there is no evidence of mental
anguish damages. 

 SWBT further argues that if the foregoing supported some damages, such a
conclusory statement regarding the nature of the damages does not support an award of
$10,000. SWBT points out that appellant's counsel only asked for $5000 in mental anguish
during closing argument.

 The Texas Supreme Court has "authorized recovery of mental anguish damages in
virtually all personal injury actions." Krishnan v. Sepulveda, 916 S.W.2d 478, 481 (Tex.
1995). Where "serious bodily injury is inflicted . . . some degree of physical and mental
suffering is the necessary result." City of Tyler v. Likes, 962 S.W.2d 489, 495 (Tex. 1997)
(emphasis supplied) (citing Brown v. Sullivan, 71 Tex. 470, 10 S.W. 288, 290 (1988); T. &
P. Ry. v. Curry, 64 Tex. 85, 87-88 (1885)). In some cases, disturbing or shocking injuries
are sufficient per se to support an inference that a physical injury was accompanied by
mental anguish. Parkway Co. v. Woodruff, 901 S.W.2d 434, 445 (Tex. 1995). While it is
unquestionably true that in the foregoing cases, the supreme court has enhanced the burden
to prove mental anguish damages in most instances, a corollary of those decisions is that
mental anguish remains concomitant with serious bodily injury. See Temple-Inland Forest
Prod. Corp. v. Carter, 993 S.W.2d 88, 93 n.26 (Tex. 1999) ("In almost all instances
involving personal injury, the law allows for the recovery of accompanying mental anguish
damages, even if the mental anguish is not itself physically manifested.") (citing Likes, 962
S.W.2d at 495; Krishnan, 916 S.W.2d at 481). 

 Here, the record shows that Alemania testified regarding the nature of his physical
injuries. He described pain radiating around his back and ribs to the front of his chest. 
Alemania testified that he originally used ice and heat to treat and control his pain. He also
said that he took Tylenol. These treatments did not resolve the pain. He stated that his
injuries caused him to miss approximately three weeks of work and required chiropractic
treatment for three months, which included chiropractic manipulations, heat, traction,
electric stimulation, and cyrotherapy. He also testified that his injuries caused his referral
to an osteopath who prescribed pain medication. Alemania complained of headaches, mid-back and rib pain, low back pain, and difficulty bending, reaching, and twisting. Alemania
further averred that he suffered insomnia resulting from his physical pain. As noted above,
in the course of treating his injuries, Alemania incurred roughly $6000 in medical expenses. 

 The jury found that Alemania suffered some degree of mental anguish as a result of
his injuries and suffering. SWBT suggests that Alemania's evidence proves he suffered
physical pain and that the segregated damage award accounts for the extent of that pain, but
that the same evidence does not also show that Alemania suffered mental anguish. 
However, while "physical injuries to the body and mental injuries may be distinct and
separate harms," in some instances, it remains true that it is difficult "if not impossible, to
distinguish between simply mental and strictly physical ailments, because they each may
manifest themselves by symptoms relating to the other." Trinity Universal Ins. Co. v.
Cowan, 945 S.W.2d 819, 826 (Tex. 1997).(1) Here, the evidence, without dispute, shows that
Alemania suffered physical injuries and some psychological trauma. In this case, the jury
found, as it was entitled to, that Alemania suffered the requisite degree of mental pain and
distress as a result of his injuries. The evidence is legally sufficient to support this finding. 

 Moreover, the evidence is factually sufficient to support the same finding. Alemania
adduced the foregoing evidence at trial. The only arguably countervailing evidence
introduced was that Alemania suffered only "soft tissue injuries" which were treated
conservatively and resolved in a relatively short period. Nevertheless, SWBT's evidence
does not suggest that Alemania did not actually suffer physical injury. Moreover, SWBT
did not counter Alemania's evidence that he suffered disruption of his daily routine,
manifested by his insomnia and his absence from work for approximately three weeks. It
is apparent from the verdict that the jury believed this disruption to be substantial, as was
their prerogative. Accordingly, we find that the evidence was factually sufficient to support
the jury's findings. 

 With regard to the amount of damages awarded for mental anguish, the supreme court
has acknowledged that the jury is vested with discretion. See Saenz v. Fidelity & Guar. Ins.
Underwriters, 925 S.W.2d 607, 613 (Tex. 1996). The amount awarded must "fairly and
reasonably compensate" the victim for the loss. Id. However, we are cognizant of the fact
that once compensable mental anguish has been established, the jury's valuation of the
award is not subject to precise mathematical calculation. City of Alamo v. Casas, 960
S.W.2d 240, 256 (Tex. App.--Corpus Christi 1997, pet. denied); Dico Tire, Inc. v. Cisneros,
953 S.W.2d 776, 792 (Tex. App.--Corpus Christi 1997, pet. denied). As a general rule,
unless the award is "so large as to indicate that it was influenced by passion, prejudice, or
other improper motive, the jury verdict will not be set aside." Dico Tire, 953 S.W.2d at 792. 
Here, the amount of the jury's award is closely related to the other awards. There is no
evidence in the record to indicate that the jury's conclusion was improperly motivated. We
hold that the jury's mental anguish award is adequately supported by the evidence in the
record. 

 SWBT's issue is overruled.

 

The judgment of the trial court is AFFIRMED.



 __________________________________

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 1st day of June, 2000.

 

1. During oral argument, SWBT cited a 1995 decision in which this Court held that
mental anguish and pain and suffering are distinguishable. See Sharm, Inc. v. Martinez, 900
S.W.2d 777, 784 (Tex. App.--Corpus Christi 1995) (citing Ford Motor Co. v. Durrill, 714
S.W.2d 329 (Tex. App.--Corpus Christi 1986), judgment vacated by agreement, 754 S.W.2d
646 (Tex. 1988)). The judgment in that case, as in the case it relied upon in reaching that
conclusion, has subsequently been vacated.