### Saint Louis, Arkansas & Texas Railway Company v. W. V. Evans.

#### No. 3086.

**1. Pleading—Time—Variance—Practice.**—Action against a railway company for killing a jennet, brought September 19, 1889. The killing was laid on April 29, 1886. Defendant pleaded a general denial. On the trial testimony was offered by plaintiff that the jennet was killed as alleged on April 29, 1889. Objection was urged on ground of variance. The objection was overruled. *Held:*

1. The allegation as to time of killing was not material, and it was not necessary that it should be proved at the time as alleged.

2. If counsel for defendant was surprised by the evidence the fact should have been made known at the time, with application to withdraw announcement of ready for trial, etc.

**2. Extent of Damages.**—Suit for death of a mule alleged to have been killed by defendant. It was shown that the mule had been injured; no proof was made of its death. Verdict and judgment were rendered for the full value of the mule for the plaintiff. *Held* error, in that it could not be presumed that the crippled mule was of no value.

Error from Titus. Tried below before Hon. J. L. Sheppard.

The opinion states the case.

*Todd & Hudgins,* for plaintiff in error.— 1. The variance between the allegation and the proof was fatal, because the allegation was insuffi·cient to place the defendant upon notice that it was called upon to defend against a cause of action arising in 1889. While it is ordinarily not necessary that the time should be alleged with accurate particularity, yet the allegation must be sufficient to put the defendant upon notice as to what it is required to meet. Morse v. Marshall, 97 Mass., 519.

2. In a suit for the killing of an animal by the trains of a railroad plaintiff must establish the killing as alleged.

*W. P. McLean,* for defendant in error.

STAYTON, Chief Justice.—Defendant in error brought this action on September 19, 1889, to recover the value of a jennet, in the petition alleged to have been killed by the defendant's cars on April 29, 1886, and to recover the value of a mule alleged to have been killed in the same manner on April 15, 1889.

The defenses pleaded were general demurrer and general denial. The evidence developed the fact that the jennet was killed in April, 1889, and when that was offered it was objected to solely on the ground of variance between the proof and the averment in the petition as to the time of the killing. There was no claim of surprise.

The bill of exceptions states that the jennet to which the evidence related was that for the value of which this action was brought, and it seems to us evident that the statement that the animal was killed in "1886" was but a clerical error, and known to be so by counsel for the defendant, or limitation would have been pleaded.

The allegation as to time of killing was not material, and it was not necessary that it should be proved as alleged. If defendant's counsel had been misled by the date named in the petition, that fact should have been made known to the court when the evidence was offered, and an application to withdraw the announcement for trial on the ground of surprise should have been made; but it seems that such a motion should be sustained by affidavit. Brown v. Sullivan, 71 Texas, 477.

The evidence did not show positively that the mule was killed, but did show that about the time alleged in the petition it was seen, with one of its hind legs broken, about seventy-five yards from the railway track, and that from the place where the mule was standing there were mule tracks leading to the track, where was found hair and blood.

When last seen the mule was standing in plaintiff's field, but when that was does not appear. No witness knew what had become of the mule at time of trial nor whether it was then living or dead. The trial was on November 15, 1889.

It is insisted that the proof was not sufficient to show that the mule was killed as alleged.

The recovery was for the proved value of the mule.

The evidence, circumstantial as it is, would bear out the finding that the mule was wounded in some manner on defendant's track, and perhaps, with slight additional evidence, the inference might be drawn that the wounding was caused by contact with the locomotive or cars on defendant's railway, but we are of opinion that there was no evidence that authorized a finding that the mule was killed as alleged in the petition, and thus the owner deprived of its entire value.

The court below could not judicially know the extent of the depreciation in value resulting from the fact that the leg of the mule was broken.

There was no evidence upon that point; no evidence that the injury was such that with proper treatment the mule might not have been cured and have been as valuable as before or of some value, and this at a slight expense.

If the mule died the fact might easily have been shown, and in the ab-

sence of some evidence tending to show that fact no judgment for its proved value should have been rendered.

For the error in this respect, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 7, 1890.