## W. E. MOREHOUSE v. TEXAS TRUNK R'Y CO.

### (No. 3839.)

APPEAL from Kaufman County.    Opinion by DAVIDSON, J.

J. D. CUNNINGHAM, counsel for appellant.

No counsel appeared for appellee.

§ **267.** *Pleading and evidence; variance between, held to be immaterial.*    Appellant alleged in his petition that on or about the 10th day of June, 1890, he entered into a verbal contract with appellee to furnish him by 10 o'clock of the morning of June 14, 1890, a sufficient number of cars for transporting to East St. Louis a certain lot of cattle, said cattle to be placed at said point on June 17th.    The cars were not so furnished, and suit was instituted for damages alleged to be caused by such failure to so furnish said cars.    On the trial appellant

offered to prove that the contract between himself and appellee was entered into on the 14th of June, and this was objected to by appellee on the ground that such testimony was a variance between the time alleged and the time sought to be proved. This objection was sustained and the evidence excluded. We are of opinion that the testimony was legitimate and proper, and the court erred in excluding the same. "Time is not considered generally as forming part of the material issue, and usually one time or day may be alleged and another time or day proved. Such is ordinarily the rule, even in a prosecution for crime." [3 Willson, Civil Cas. Ct. App., § 342.] In this case the precise time of entering into the contract is not a material matter. The material inquiry is the injury caused appellant by the failure of appellee to furnish the stipulated cars at the time and place specified and agreed upon between the parties. If appellant was injured by reason of a failure to so furnish the cars, it was immaterial on what particular day the contract was entered into. It was sufficient to prove that the damage occurred by reason of the failure of appellee to furnish the cars, without reference particularly to the date of the entering into said contract. [Id.; Railroad Co. v. Evans, 78 Tex. 369; Brown v. Sullivan, 71 Tex. 477.] For the error indicated the judgment is reversed and the cause remanded.

December 9, 1891.     Reversed and remanded.