### HOUSTON LIGHTING & POWER COMPANY v. J. R. HOOPER.

#### Decided May 1, 1907.

**1.—Immaterial Variance—Substance of Issue.**

When plaintiff alleged that defendant's wires were suspended over and upon plaintiff's premises and the proof was that the wires were eight or ten feet distant from said premises, the variance was immaterial. The substance of the issue was the negligence of defendant in permitting one of its wires to fall and remain upon plaintiff's premises. Courts disregard immaterial variances that mislead no one.

**2.—Repetition of Charges.**

Where, upon an issue of contributory negligence, the court in its charge fully covered the facts, it was not error to refuse a special charge repeating the submission.

**3.—New Trial—Newly Discovered Evidence.**

A motion for new trial on the ground of newly · discovered evidence is fatally defective which fails to show that any effort was made to secure the evidence although apparently available, and which motion is not verified.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Blake Dupree,* for appellant.

*A. S. Fisher, Jr.,* and *Highsmith & McGregor,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee sued appellant to recover damages arising from injuries inflicted upon his wife, Julie E. Hooper, through the negligence of appellant in permitting a wire charged with electricity to fall and remain upon the yard gate of appellee until his wife came in contact with it and was hurt. The cause was tried by jury and resulted in a verdict and judgment for one thousand dollars in favor of appellee.

We conclude that the facts justified the jury in finding that appellant was negligent in permitting a live wire to remain on the yard gate of appellee without warning the inmates of the house of the danger of approaching the gate, and that Mrs. Hooper was injured through such negligence in the sum found by the jury. In deference to the verdict we find that Mrs. Hooper was not guilty of contributory negligence in going to the gate and touching the wire, which she did not know was at or near the gate.

It was alleged in the petition that appellant did "negligently and in a negligent and careless manner construct, fix and use its said wire for the use and transmission of its electricity over and upon plaintiff's premises," and further: "That on or about the 29th day of August, 1903, aforesaid, the defendant negligently and carelessly permitted its wires which conducted and transmitted the electric current of the defendant's electricity over and upon the plaintiff's premises, aforesaid, and while said wires were heavily charged with electricity, to become broken, sagged and down and to fall across the plaintiff's

gate, the point of entrance and exit to plaintiff's premises, etc."
Some of the evidence indicated that the wires were suspended along
the sidetrack, from eight to ten feet from and not across the premises
of appellee, and it is claimed through the second, sixth and seventh
assignments of error that there was a fatal variance between the
allegations and proof and that the court should have instructed
a verdict for appellant. We can not sustain that proposition.

It was totally immaterial where the wires were suspended, the gist
of the matter being whether appellant was guilty of negligence in
permitting a wire charged with electricity to fall and remain upon
the yard gate of appellant without warning to the occupants of the
house of the situation and condition of the wire. If there was any
variance it was immaterial and could not have misled or surprised ap-
pellant. It knew where its wires were strung and knew that it had to
meet an allegation that one of them had fallen upon appellee's yard
gate and had hurt his wife. Courts of justice will disregard such
petty immaterial variances that could have deceived no one. Even
in a case where it was alleged that an accident occurred at a certain
town in Louisiana and the proof showed that it occurred at another
it was held that the variance was immaterial, as the defendant was not
surprised by it and had his witnesses present to meet the case made
by the proof. Brown v. Sullivan, 71 Texas, 470. The same principle
is maintained in the cases of Texas & Pac. Ry. v. Hill, 71 Texas,
451, and St. Louis, A. & T. Ry. v. Evans, 78 Texas, 369.

The court defined contributory negligence and instructed the jury:
"If you believe that the plaintiff's wife did go to the gate and touch
the wire and was injured, but believe that under all the facts and cir-
cumstances her act in going to the gate and touching the wire was
contributory negligence on her part, then you will find for defendant,
even though you believe defendant was negligent." That charge fully
covered the facts in the case and the court did not err in refusing to
give a requested charge containing a submission of the same issue.
The question of contributory negligence was one of fact to be deter-
mined by the jury, under the law as given by the court, and we
can not say that the jury had no facts upon which to base a finding
that Mrs. Hooper was not guilty of contributory negligence.

There is no materiality in the misstatement in the charge that
appellee alleged that electricity was conveyed along the streets of
Houston, when the allegation was that it was conveyed over and across
the premises of appellee. It could not possibly have misled the jury
in any way.

The court did not err in overruling the motion for a new trial.
There is nothing in the application that indicates any effort upon
the part of appellant to secure the evidence of the witnesses, whose
testimony is claimed to be newly discovered. The witnesses lived in
the immediate neighborhood of where appellee lived and naturally
the neighbors would have known the condition of Mrs. Hooper after
the accident. The allegations of the petition put appellant upon no-
tice of what would be proved and some effort should have been made
to meet the allegations. No part of the application as to the evidence
being newly discovered was verified by affidavit except that relating

to William Lethering whose affidavit is not appended to the application. It was stated that it was not known where he was until the date of the application and it is not stated that there was any probability of getting his testimony at another trial. The allegations as to the evidence being newly discovered and the diligence used should have been supported by affidavit. Other grounds on which the application was insufficient, were that the evidence was merely cumulative and was only for purposes of impeachment.

The judgment is affirmed.

*Affirmed.*