HOUSTON & TEXAS CENTRAL RAILROAD COMPANY V. SARAH A. DAVENPORT ET AL.

No. 1901.   Decided March 24, 1909.

**1.—Negligence—Master and Servant—Defective Machinery—Sufficiency of Evidence.**

Evidence considered, in case of an engineer killed by explosion of fire box of engine, and held not to warrant a reversal by the Supreme Court of a recovery by plaintiffs on the ground that there was an entire absence of evidence that the explosion was due to defects in the fire box negligently permitted by defendant to exist, rather than by the negligence of deceased in permitting the water in the engine to get too low, which was the theory of the defense. (Pp. 372–374.)

**2.—New Trial—Newly Discovered Evidence.**

New trial by reason of newly discovered evidence may be refused where it relates to an issue controverted on the trial and the fact sought to be established could have been shown by witnesses testifying, if they had been questioned in regard thereto.   (P. 374.)

**3.—Same—Contradictory Statements.**

Newly discovered evidence of previous declarations of an important adverse witness that he knew nothing about the case was not important as ground for new trial; witnesses frequently do not know the relevancy or importance of facts within their knowledge.   (P. 374.)

**4.—Damages by Death—Pleading.**

Allegations of the character and relations of deceased to plaintiff, his wife and children, and of loss of his "services and earnings" with general allegation of damage by his death, held to support a submission of the issue of their damages by loss of his assistance to the wife and care and nurture of the children, as well as loss of earnings.   (Pp. 374, 375.)

**5.—Negligence—Contributory Negligence—Burden of Proof—Charge.**

An engineer being killed by explosion of the fire box of a locomotive, through defects therein as claimed by plaintiffs, through his permitting the water to get too low as claimed by defendant, the latter being also pleaded as contributory negligence of deceased, an instruction that the burden of proving contributory negligence was on defendant was not error in the absence of requested instructions developing the rule stated.   The burden was on plaintiff to show that the defects caused the explosion, and this a showing of his negligence tended to disprove; explosion caused by defects being shown, his contributory negligence might still defeat recovery; as to the latter issue only the burden was on defendant.   (P. 375.)

Error to the Court of Civil Appeals for the First District, in an appeal from Ellis County.

Sarah A. Davenport and others sued the Railroad Company and had judgment. It was affirmed on appeal by defendant, who then obtained writ of error.

*Baker, Botts, Parker & Garwood, R. S. Neblett* and *Supple & Harding,* for plaintiff in error.—There is no legal evidence in the record to sustain the verdict based on the negligence pleaded and found by the court; and there is no substantive fact from which a legitimate inference of such negligence can be fairly drawn. Joske v. Irvin, 91 Texas, 574; Texas Loan Agency v. Flemming, 92 Texas, 462; Texas & P. Railway v. Ball, 96 Texas, 622; Gulf, C. & S. F. Ry. Co. v. Walters, 20 Texas Ct. Rep., 619.

The trial court erred in not granting appellant's motion for new trial based on testimony discovered after the trial, and the Court of Appeals erred in not so holding. Said motion and exhibits attached disclose that the testimony presented was discovered after the trial; was material, and would probably change the result on another trial; was not sooner discovered through no fault, negligence or lack of diligence on the part of appellant. Railway Co. v. Forsyth, 49 Texas, 171; Buford v. Bostick, 50 Texas, 371; Dillingham v. Ellis, 86 Texas, 447; Wolfe v. Mahan, 57 Texas, 172; Parker v. Hardy, 24 Pick., 248; Guyon v. Buts, 4 Wend., 582; Vardeman v. Burns, 7 Howard (Miss.), 369; Gardiner v. Gardiner, 2 Gray, 443; Alger v. Merritt, 16 Iowa, 126; Mitchell v. Bass, 26 Texas, 378; Douglass v. Waljer, 15 Texas Ct. Rep., 115; Gulf, C. & S. F. Ry. Co. v. Hamilton, 17 Texas Civ. App., 83, 84; Missouri Pac. Ry. Co. v. Walker, 7 S. W., 791; Insurance Co. v. Askew, 11 Texas Civ. App., 63; Hilburn v. Harris, 2 Texas Civ. App., 395; McMurray v. McMurray, 67 Texas, 63; Halliday v. Lambright, 29 Texas Civ. App., 226; Welsh v. Noshe, 8 Texas, 189.

The charge complained of is error, because it did not confine the jury, in awarding their verdict, to the damages claimed in the amended petition upon which the case was tried, and authorizes a recovery on the part of the wife for the loss of her husband's advice and assistance in doing work about the home, and authorizes a recovery on the part of the children, appellees, for the loss of their father's care and advice and moral and intellectual training. Damages must be such as are claimed in the pleadings. Galveston, H. & S. A. Ry. Co. v. Worthy, 87 Texas, 459; Ft. Worth & D. C. Ry. Co. v. Measles, 81 Texas, 478; St. Louis S. W. Ry. Co. v. Freedman, 18 Texas Civ. App., 559; Texas & P. Ry. Co. v. Durrett, 24 Texas Civ. App., 103; Railway Co. v. Johnson, 91 Texas, 572. Only loss of services and earnings was alleged. Galveston, H. & S. A. Ry. Co. v. Worthy, 87 Texas, 459; St. Louis S. W. Ry. Co. v. Freedman, 18 Texas Civ. App., 559; Gulf, C. & S. F. Ry. Co. v. Johnson, 91 Texas, 572; Martin Brown Co. v. Pool, 40 S. W., 821; Ft. Worth & D. C. Ry. Co. v. Measles, 81 Texas, 478; Texas & P. Ry. v. Durrett, 24 Texas Civ. App., 103; Galveston, H. & S. A. Ry. v. Davis, 27 Texas Civ. App., 279; Beaumont Traction Co. v. Dilworth, 16

Texas Ct. Rep., 257. The error can not be held to be harmless. Martin Brown Co. v. Pool, 40 S. W., 821; Galveston, H. & S. A. Ry. Co. v. Worthy, 87 Texas, 459; Texas & P. Ry. Co. v. Durrett, 24 Texas Civ. App., 103; Gulf, C. & S. F. Ry. Co. v. Johnson, 91 Texas, 572; 3 Sedgwick on Damages, pars. 13-23. The erroneous charge is presumed to be prejudicial. Gulf, C. & S. F. Ry. Co. v. Johnson, 91 Texas, 572; Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 344; Taylor B. & H. Ry. Co. v. Warner, 88 Texas, 647; Emerson v. Mills, 83 Texas, 288; Spence v. Onstott, 3 Texas, 147; Houston E. & W. T. Ry. Co. v. Greer, 53 S. W., 58; San Antonio & A. P. Ry. Co. v. Weigers, 22 Texas Civ. App., 344; Galveston, H. & S. A. Ry. v. Parish, 15 Texas Ct. Rep., 334. The error was positive and no requested charge necessary. Galveston, H. & S. A. Ry. Co. v. Le Gierse, 51 Texas, 190; Missouri, K. & T. Ry. Co. v. Rogers, 89 Texas, 680; Sneider v. Morris, 14 Texas Civ. App., 641; Railway Co. v. Robinson, 73 Texas, 277; Gulf, C. & S. F. Ry. v. Garren, 96 Texas, 605; St. Louis S. W. Ry. v. Gill, 55 S. W., 386; Brown v. Binz, 50 S. W., 483; San Antonio Traction Co. v. White, 61 S. W., 706.

The trial court committed positive and reversible error in instructing the jury, in the ninth paragraph of the charge, to the effect that the burden of proof was upon defendant to prove by a preponderance of the evidence the allegations of contributory negligence against the plaintiff, Davenport, and the Court of Appeals erred in not so holding. Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629; Houston & T. C. Ry. Co. v. Anglin, 99 Texas, 349; Texas & P. Ry. Co. v. Reed, 88 Texas, 447; International & G. N. Ry. Co. v. Lewis, 2 Texas Ct. Rep., 891; Railway Co. v. Shieder, 88 Texas, 152; St. Louis & S. W. Ry. Co. v. Martin, 26 Texas Civ. App., 231; Stooksbury v. Swan, 85 Texas, 566; Houston & T. C. Ry. Co. v. Patterson, 48 S. E., 750; Texas & P. Ry. Co. v. Crowder, 63 Texas, 504; Hinkley v. Railway Co., 120 Mass., 260.

*Farrar & Pierson, C. B. Randell* and *J. H. Wood,* for defendants in error.—No diligence was shown to obtain the evidence upon which the motion for a new trial was based. Sweeney v. Jarvis, 6 Texas, 41; Conwill v. Railway Co., 85 Texas, 102; Fears v. Albea, 69 Texas, 444; Railway Co. v. White, 80 Texas, 210.

The alleged newly discovered evidence upon which a new trial is sought on this case would not have changed the result had it been introduced in evidence on the trial. Missouri, K. & T. Ry. Co. v. Rack, 21 Texas Civ. App., 667; Railway Co. v. Moore, 72 Texas, 226; Collins v. Weiss, 32 Texas Civ. App., 282; Duckworth v. Ft. Worth & R. G. Ry., 33 Texas Civ. App., 66.

The charge of the court must be considered in the light of the evidence, and there was no evidence whatever which authorized the jury to find anything for appellees by reason of the loss to appellees of the advice and counsel of the deceased. But the charge and the evidence only authorized the recovery for loss in the way of maintenance and support. March v. Walker, 48 Texas, 374; Railway Co. v. Cowser, 57 Texas, 303; Missouri, K. & T. Ry. Co. v. Hines,

40 S. W., 152; Ft. Worth & R. G. Ry. Co. v. Sivells, 67 S. W., 517; Railway Co. v. Smith, 65 Texas, 173; Garcia v. Sanders, 35 S. W., 55; San Antonio & A. P. Ry. Co. v. Waller, 27 Texas Civ. App., 44; Houston & T. C. Ry. Co. v. Johnson, 27 Texas Civ. App., 420; Texas & P. Ry. Co. v. Johnson, 106 S. W., 776.

The jury is presumed to have rendered their verdict from the evidence, and not upon matters which were not before them. Oil Co. v. Malin, 60 Texas, 648; Galveston, H. & S. A. Ry. v. Hampton, 24 Texas Civ. App., 458; St. Louis S. W. Ry. v. Freedman, 18 Texas Civ. App., 553.

The whole of said charge must be construed together, and when so construed the jury was restricted to the pecuniary loss occasioned by reason of the death of the said D. Davenport. From the evidence the pecuniary loss was maintenance and support which he would have given appellees. The jury were in no manner misled, but the charge is exceedingly clear and explicit. Railway Co. v. Chapman, 57 Texas, 81; Railway Co. v. Stewart, 57 Texas, 170; Railway Co. v. Anderson, 79 Texas, 434.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The judgment from the affirmance of which by the Court of Civil Appeals this writ of error is prosecuted was rendered in the District Court of Ellis County, against plaintiff in error, in favor of defendants in error, the wife and children of D. Davenport, for damages resulting to them from his death, alleged to have been caused by negligence of the plaintiff in error. The death was caused November 3, 1905, by the explosion of the firebox of an engine belonging to the railroad company of which Davenport was in charge as engineer.

The writ of error was granted, upon the showing made in the application, in the belief that the plaintiffs had not adduced evidence legally sufficient to sustain the finding that the explosion resulted, as alleged, from defects in the firebox attributable to negligence on the part of the defendant. The decision of this question has required the examination and careful consideration of almost one thousand pages of testimony presented in the stenographer's transcript of the evidence taken at the trial. Perhaps the greater part of the evidence, so far as it is of any value at all upon appeal, consists of the testimony of witnesses descriptive of the condition in which the firebox was found after the accident, with their opinions, formed from the appearances it presented, as to the cause or causes of the explosion, the theory of the one witness for plaintiffs to this point being that it resulted from weaknesses in the firebox due to several of the defects alleged, and that of defendant's many witnesses being that it was caused by the fault of the deceased in allowing the water in the boiler to sink below the crown-sheet, so as to expose it to the heat within the box and weaken it to such an extent as to soften the metal in the sheet and in the bolts which held it in position and to allow it to sink down and produce the explosion. There is also the direct testimony of a witness for the plaintiff to the existence of a defective condition of the firebox a few days before the explosion

occurred, and a great volume of evidence from employes of the defendant, boiler makers, engineers, and firemen, to the contrary, some of the latter showing the making of some repairs upon it between the time referred to by plaintiffs' witness (Straughn) and the accident. The fact which the testimony of Straughn tended to show was that some of the bolts holding the firebox in place were either broken or loose to such an extent as to render its use dangerous; and the testimony of the other witness for plaintiffs, Duffey, who examined it after the explosion, was to the existence of indications in it of the insufficiency of the staying or fastening by the bolts, from which he formed the opinion that this, and not that advanced by defendant, was the cause of the explosion. After the most careful and patient consideration of all of the evidence we have found ourselves unable to say that there is none to sustain the judgment, and, with this conclusion, our power over the facts comes to an end. It may be true that Straughn's testimony is open to much question and that Duffey's opinion is not very satisfactorily sustained by the facts which he himself states, but when both are considered together and taken, as they must be, as strongly in favor of the verdict as can reasonably be done, it can not be said that they are so entirely lacking in probative force as to authorize this court to say the case should have been taken from the jury; and this is what we should have to say before we could set aside the verdict for want of evidence. We at first thought that, perhaps, the evidence adduced by the defendant as to the repairs upon and the condition of the firebox after the time when Straughn saw it and before the explosion was reconcilable with his statements, and showed that any faults that may have been detected by him had been remedied; but when the testimony is carefully compared this can not be said to be true. The repairs testified to by defendant's witnesses were not of the defects which some of the testimony of Straughn tended to show, and the general good condition to which the former swore could hardly have existed if the latter testified truly. There was such conflict between them as can hardly be reconciled without rejecting some of his statements, and whether or not this should have been done is not a question for this court. Duffey testified that the metal in the part of the sheet composing the firebox was crystalized at one place where it had been torn asunder in the explosion. It is conceded that this condition of metal can be seen in its edges after it has been broken as this was. We must therefore accept this as a fact for present purposes; but it is hardly sufficient alone to establish negligence on the part of the defendant in failing to discover the condition before the explosion occurred, it being virtually admitted that crystalization can not be detected by mere inspection before the breaking of the metal, and that the proper test for it is by hydraulic pressure, which test had been applied by the defendant. The firebox had not been in use long enough for this condition to have come about merely from age and wear. Nor do we attach importance to Duffey's opinion that the sheet of which the box was constructed was too thin, for the reasons that he admitted his incompetency to judge of such matters, and that it was shown by uncontradicted evidence that it was of the standard thick-

ness and was, to all appearances existing before the accident, of the best material. But it remains true that a condition of the bolts holding the box in position was testified to by Straughn which would render the engine defective and dangerous and which could have been discovered and remedied by careful inspection, and that Duffey testified to indications after the explosion that this was its cause. As to what the appearances upon the exploded box really were and what they indicated, the statements and opinions of the witnesses vary and conflict; and here a consideration, very important in determining the question with which we have to deal, is that the jurors were permitted by the consent of the parties to go in a body with the presiding judge and examine the remains of the box produced by the defendant. This gave them the opportunity, at least, to test the accuracy of the testimony of the different witnesses and to judge as to the correctness of their statements and opinions. What they saw can not, of course, be known to this court. Therefore, after a most careful consideration of the case we have reached the conclusion that whatever might be our action if we had control over the facts, we are not authorized to hold that there is no evidence. Nor do we find that the other assignments show error in the rulings of the court and in the instructions given.

The motion for new trial on account of newly discovered evidence does not present matter upon which this court can hold that the defendant was entitled to demand a new trial as a matter of law.

The new evidence desired consisted of circumstances tending to show such conduct of Davenport in the management of his engine during the trip in which he was killed as to give rise to the inference that he was asleep, or intoxicated, or both, and to strengthen defendant's theory that he had allowed the water to sink below the crown sheet of the firebox. The course of the trial shows that this was the defendant's theory throughout, and that the facts now presented could have been had by simple questions addressed to the witnesses when on the stand or before they were put on the stand, and that such facts were not disclosed simply because they were not called for. It is true that some of the persons on whose affidavits the motion is based did not testify, but the facts known to them were also known to some who did testify concerning incidents of the very trip in question and could easily have been learned, in the way indicated, either before or during the trial.

The other new testimony is merely to the effect that plaintiffs' witness Straughn had stated in the presence of the two affiants that, though summoned as a witness, he knew nothing about the case. This is not of sufficient importance to entitle the defendant to a new trial as a matter of law. If the witnesses should testify to the statement and were believed, Straughn's credibility would hardly be affected, for the reason that witnesses very often do not know the relevancy or importance of facts within their knowledge. This is not the kind of evidence to obtain which new trials are granted.

It is contended that the petition only claimed damages for the loss sustained by plaintiffs of the money which deceased would have contributed to them, and not for the wife's loss of his assistance and

the children's loss of his care and attention in rearing them, and that the charge of the court erroneously authorized the recovery of both. We are not prepared to agree that the petition is so restricted. It states, it is true, the extent of Davenport's earnings for services rendered, and alleges that they have lost his "services and earnings," but it also alleges his death, his character, his relation to the plaintiffs and their ages. The whole concludes with the averment that "by reason of the premises," plaintiffs have been damaged in the sum of forty thousand dollars. This was sufficient to authorize the recovery of all damages legally recoverable on the facts stated, which would include such as the law allows for the loss of the assistance, care and nurture of husband and father. But, if this were not true, it is not believed that the charge would be affirmatively erroneous. It authorizes only the recovery of such a sum of money as would compensate for the *pecuniary* loss sustained by the death of Davenport. While loss of the character just referred to is compensated pecuniarily, that is, in money, it is not one which a jury would probably understand to be a "pecuniary loss." The most that could be said, in any view, would be that there is an indefiniteness in the language which could easily have been cleared up by a special charge entirely consistent with it. Parks v. San Antonio Traction Co., 100 Texas, 225. The case cited answers also most of the other objections to the charge, none of them showing positive error. One of them, that the court erroneously put the burden on defendant to prove contributory negligence on part of the deceased, deserves some further discussion.

The burden was on plaintiffs to prove that the negligence of defendant caused the explosion, and the trial court so instructed the jury. The peculiar facts of this case involved the question whether the explosion resulted from the one or the other of the two causes alleged by the parties respectively, and therefore the burden on plaintiffs required them to make the evidence preponderate in favor of their contention that defects in the boiler, rather than low water, was the cause, and in case they left the evidence in such condition that it could not be determined that this was the fact they would not maintain their contention. Shoemaker v. Texas & P. Ry. Co., 98 Texas, 456. It can not truly be said therefore that the burden was on defendant to show affirmatively that low water was the cause. But there was a further supposable state of case in which the jury might find that both causes were present and in which plaintiffs would be precluded by negligence of deceased contributing with that of defendant. To this phase the charge that the burden was with defendant to show contributory negligence was applicable and correct. The charge of the court correctly put the burden on the plaintiffs to prove their case and on defendant to defeat that case, if shown, by the matter pleaded—contributory negligence. If further instructions were needed to develop the views just stated they should have been requested.

Other specifications of error have been duly weighed and found to present no ground for reversal.

*Affirmed.*