MISSOURI, K. & T. RY. CO. OF TEXAS v. WOOD.

(Court of Civil Appeals of Texas. Dallas. March 29, 1913. Rehearing Denied April 12, 1913.)

1. RAILROADS (§ 345*)—COLLISIONS—ACTIONS —ISSUES, PROOF, AND VARIANCE.

A petition in an action for injuries to a traveler struck by a train at a crossing, which alleges that the railroad company negligently operated its train against the team and vehicle of the traveler hurling him from the vehicle, is sustained by proof that the collision resulted from the company's negligent operation of its train, and whether the traveler jumped from the vehicle instead of being hurled therefrom is immaterial.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1113–1116; Dec. Dig. § 345.*]

2. APPEAL AND ERROR (§ 994*) .— REVIEW— CREDIBILITY OF WITNESSES.

The credibility of witnesses giving conflicting evidence is for the jury, not for the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906; Dec. Dig. § 994.*]

3. TRIAL (§ 260*)—INSTRUCTIONS COVERED BY CHARGE GIVEN.

Where, in an action for injuries to a traveler struck by a train at a crossing, the court charged correctly on contributory negligence, and that if the traveler approached the crossing, driving at a trot, and failed to stop, look, and listen, the verdict must be for the company, the refusal to charge that if the traveler, by looking westward, could have discovered the approach of the train in time to have stopped his horse, or in time to have left the vehicle and avoided injury to himself, and if one of ordinary prudence would have looked westward when nearing the track, the failure to look westward contributed to the injury, was not erroneous because substantially covered by the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Hunt County; R. L. Porter, Judge.

Action by C. T. Wood against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Alex S. Coke, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. Yates, Sherrill & Starnes, of Greenville, for appellee.

RASBURY, J. Appellee sued appellant in the district court of Hunt county for damages for personal injuries, and upon trial was awarded verdict by a jury for $3,500, followed by judgment, from which this appeal is taken.

Appellee charged, in effect, that while driv-

---

[1] Reported in full in the Southwestern Reporter; reported as a memorandum decision without opinion in 94 Tex. 659.

ing a horse attached to a delivery wagon over one of the streets of Greenville, and when he reached the track of appellee where it crossed the street over which he was pursuing his way, a locomotive and train of appellant ran against and upon the horse and wagon which he was driving, thereby causing appellee to be hurled with great force and violence against the ground and other hard substance thereon, injuring him as detailed in the petition. Appellee's answer consisted of the general denial and a plea of contributory negligence.

[1] The first six assignments of error raise in various ways the issue that the testimony was insufficient to sustain a verdict for appellee, and we will for that reason consider them all together, since, if any one of them shows error, they all do. Under these assignments, the claim is made that the evidence is insufficient, for the reason that it discloses that when the accident occurred appellee "jumped" from his wagon, and was not, as he alleges, "hurled" therefrom, which really raises the point that there was variance between the pleading and proof, and which should have been raised when proof that appellee "jumped" from his wagon, instead of being "hurled" therefrom was sought to be introduced. It probably would have been held an immaterial variance, however, as not tending to mislead and surprise appellant. McClelland v. Smith, 3 Tex. 210; Brown v. Sullivan, 71 Tex. 470, 10 S. W. 288; Railway Co. v. Evans, 78 Tex. 369, 14 S. W. 798; First Nat. Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583; Houston Light & Power Co. v. Hooper, 46 Tex. Civ. App. 257, 102 S. W. 133; Brown Cracker & Candy Co. v. Johnson, 154 S. W. 684, decided at the present term of this court. Further, the substance of the charge of negligence contained in the petition is that appellant propelled its locomotive and train against and upon the team and hack of appellee, and we are of opinion that proof that such act of negligence caused appellee to jump from the wagon in an effort to avoid danger is admissible under an allegation that he was "hurled" from the wagon. In other words, the evidence was sufficient to sustain the verdict that it was the negligence of the appellant that brought about the collision between its locomotive and appellee's horse, which was substantially the negligence charged, and if as a result of the collision appellee jumped from his wagon, instead of being hurled as alleged in his petition, he will, notwithstanding the allegation, be permitted to prove such detail of the accident, since such allegation was initially unnecessary. Railway Co. v. Johnson, 83 Tex. 628, 19 S. W. 151; Hicks v. Railway Co., 96 Tex. 357, 72 S. W. 836; Railway Co. v. Hugen, 45 Tex. Civ. App. 330, 100 S. W. 1001; Railway Co. v. Crum, 35 Tex. Civ. App. 612, 81 S. W. 74; Hillje v. Hettich, 65 S. W. 492. For the reasons above stated, we think it immaterial whether there was any testimony

sustaining the allegation by appellee that he was hurled from the wagon.

[2] If the point was material, however, it can be further said that appellee did testify on direct examination that he was thrown from his wagon when struck and on cross-examination modified the claim that he was thrown from the wagon, and said that he made an effort to jump. The inference to be drawn from his testimony is, perhaps, that he attempted to jump from the wagon and escape the impending danger, but was thrown therefrom before succeeding in his effort. It is also equally true that a large number of witnesses contradicted appellee, and declared that he jumped from the wagon. The solution of the contradiction arising between the witnesses, however, is neither the privilege nor duty of this court, but is for the jury.

[3] The seventh assignment of error complains of the refusal of the court below to instruct the jury, omitting preliminary recitals, as follows: If "plaintiff, when he had approached near the spur track south of the main line or had gotten upon said spur track, could, by looking westward, have discovered the approach of the train in time to have stopped his horse or in time to have left the buggy, and * * * thus * * * avoided injury to himself," and that one of ordinary prudence would have looked "westward when near the spur track" and that plaintiff failed to so look upon reaching the point described; to find for the defendant if such failure to look westward contributed to the injury of appellee. In reference to this special charge, it may be said that the court fully charged the jury on contributory negligence generally, and then told them in another special charge requested by appellant and allowed by the court, among other things, "if you believe that plaintiff approached the railway crossing driving his horse at a trot, and that plaintiff failed to stop his horse before reaching the crossing, and to look and listen for approaching cars, or * * * failed to listen for approaching cars," etc., then to find for appellant. The only material difference in the charge given and the one refused is that the refused charge tells the jury it would be negligence for appellee to fail to look westward for any approaching train upon reaching appellant's track, while the charge given at appellant's request tells the jury that it was negligence on the part of the appellee when he reached the tracks of the appellant if he failed to stop his horse before crossing, failed to look and listen, or alone failed to listen. This charge was as favorable to appellant as the one requested, and hence we see no error in such refusal. The general charge, and the special charge above referred to, together with another special charge given at the request of appellant, affirmatively presented on behalf of appellant all matters of fact developed by the pleading and evidence on the issue of appellee's negligence contributing to his injuries, and further ref-

erence thereto was obviously unnecessary. Railway Co. v. Meakin, 146 S. W. 1057, and citation; Railway Co. v. Smith, 50 Tex. Civ. App. 10, 108 S. W. 989; Commerce M. & G. Co. v. Gown, 104 S. W. 916; Railway Company v. Haney, 94 S. W. 386.

The last assignment of error asserts that a new trial should have been awarded, for the reason that the verdict of the jury is so excessive that passion or prejudice on the part of the jury will be assumed by this court. We have examined the testimony with reference to appellee's injuries, and have concluded the facts do not warrant the exercise of the narrow and circumscribed authority this court possesses to disturb the verdict of the jury.

The judgment is affirmed.