## MISSOURI, K. & T. RY. CO. OF TEXAS v. BURNETT.

(Court of Civil Appeals of Texas. Dallas. Nov. 29, 1913. On Rehearing Jan. 10, 1914.)

1. RAILROADS (§ 351*)—CROSSING ACCIDENT—INSTRUCTIONS.

In an action for damage to property from a crossing accident, an instruction to find for plaintiff if defendant negligently permitted cars to be placed so as to obstruct plaintiff's view of the approaching train, and if defendant's negligence in running the train at an unlawful speed and in so placing the cars was the proximate cause of the injury, was not open to the objection that it permitted the jury to find negligence solely on the ground of the location of the cars.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

2. TRIAL (§ 192*)—CROSSING ACCIDENT—INSTRUCTIONS—EVIDENCE.

Where, in an action for damages to a horse and a wagon from being struck at a crossing by

a train running at an unlawful speed, the undisputed evidence showed that certain of defendant's cars were standing on a side track near the crossing, an instruction which assumed that the cars were so located was not erroneous as upon the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

3. TRIAL (§ 260*)—CROSSING ACCIDENT—REFUSAL OF INSTRUCTION COVERED.

Where, in an action for the killing of a horse and demolishing of a wagon from being struck at a crossing by a train running at an unlawful speed, the court instructed that the presence of cars, which were near the crossing and obstructed the view, was only a circumstance bearing upon defendant's negligent operation of the train, a requested instruction that the jury could not consider the presence of the cars as an independent ground of negligence was improperly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. TRIAL (§ 320*)—VERDICT—SUBMISSION OF FORMS.

It was not error to furnish the jury with a form of verdict for plaintiff, where they were also furnished with a form of verdict in case of a finding for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 757; Dec. Dig. § 320.*]

Appeal from Hunt County Court; Geo. B. Hall, Judge.

Action by G. L. Burnett against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

A. S. Coke, of Dallas, and Dinsmore, McMahon & Dinsmore, of Greenville, for appellant. Clark & Leddy, of Greenville, for appellee.

RASBURY, J. Appellant's road at a point in Greenville runs east and west and on its way crosses King street, a public highway, which runs north and south. South of the railroad and west of King street is a seedhouse and gin, said structures being 55 feet south of the railway. At a point east of King street and on the south side of its track appellant has built, for the accommodation of the owners of the gin, a switch, which extends west and across and beyond King street until it reaches the gin. At the time laid in the petition in this case, while appellee's driver, C. T. Wood, was crossing, or about to go upon, the tracks of appellant he was struck by appellant's train, and appellee's horse killed and his wagon demolished. (Wood was himself injured and recovered damages therefor. M. K. & T. Ry. Co. v. Wood, 155 S. W. 1187.) Appellee thereafter sued for $295, alleging the accident to be the result of the negligence of appellant in failing to sound the train whistle, failing to ring the train bell, running the train in excess of statutory permission and in permitting box cars to be upon the gin switch, which obstructed the view of approaching trains by travelers. Appellant met the charges of negligence by general denial, charge

of contributory negligence on the part of appellee, and that any cars left upon its switch track were for the use of the owners of the gin and properly placed thereon. Upon trial by jury there was verdict for appellee for $84, followed by judgment, from which appeal is taken.

Upon the undisputed facts and in deference to the verdict of the jury upon those that were in dispute, the evidence shows, in substance, that by ordinance it was unlawful to propel cars through Greenville at a speed of more than six miles an hour, or to fail to ring the train bell while the train was moving through the city limits; that appellant was running its train at the time of the accident at a speed in violation of the ordinance and was not ringing its bell; that there was one or two box cars on the switch or spur track, a few feet west of King street in the direction of the gin at the time of the accident, the end of one of the cars projecting in the street proper, which obscured the vision of appellee's driver of the approaching train.

[1] Under the first assignment of error the only proposition asserted is that, under the pleading and evidence, it was error to submit to the jury, as an independent ground of negligence, the presence of the cars upon the switch track. The charge complained of is as follows: "Or, if you believe that the locomotive approached said street at a rate of speed greater than six miles an hour, and if you believe that defendant permitted cars to be placed and remain standing on defendant's switch track immediately west of King street crossing, and that defendant was negligent in so placing and permitting such cars to be placed and remain where they were at the time of the injuries complained of by plaintiff, * * * and if you further believe that the negligence, if any, of the defendant in * * * running at an unlawful rate of speed and in placing and permitting the cars to be where they were at the time of the injury, as hereinabove submitted to you, was the proximate cause of the injury, you will find for the plaintiff." The quoted charge, in our opinion, comes well within the rule controlling the extent to which juries may consider the presence of obstructions upon the carriers' right of way or railroad tracks near street crossing in order to determine whether there was negligence in the operation of its trains, and did not, in our opinion, permit the jury to find negligence solely on the ground that the cars were upon the switch. M., K. & T. Ry. Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; I. & G. N. Ry. Co. v. Knight, 91 Tex. 660, 45 S. W. 556.

[2] Appellant's second assignment of error complains of the following charge: "You are instructed that railway companies have a right to place box cars on side tracks and switches at such times and places as are

reasonably necessary in the proper conducting of its business, and to permit such cars to so remain such length of time as is reasonably necessary in the dispatch of its business. If you believe it was necessary in the operation of said railroad for it to permit box cars to remain on its spur track south of King street, as they were placed, and that such cars only remained in such position, if they did, no longer than was necessary, then you cannot find that defendant was negligent in so placing said cars." The criticism of the charge is that it is upon the weight of the evidence. As we have said before, it was undisputed on trial of the case that the car projected into King street, which was a public highway, and hence the reference to that fact in the charge was not error. In addition, the testimony tended to show that the car was unloaded before the accident, and was presumably parked on the switch, and not being utilized by appellant at the time for any purpose connected with its business. There was also testimony tending to show that the two cars were being loaded by the appellant with cotton seed. Thus it may be said that the evidence fairly raised the issue of obstructing a public highway. The charge then was not error, since it told the jury that they could not find against appellant if the cars, as placed, were necessary and reasonable in transacting its business by appellant, and since the presence of the cars was undisputed, leaving solely for the determination of the jury the exact issue submitted.

[3] The third assignment complains of the refusal of the court to instruct the jury to not consider the presence of the box cars upon the switch track as an independent ground of negligence. There was no error in refusing this charge. The court controlled the matter in his main charge, when he told the jury they could consider the presence of the cars upon the switch only as a circumstance bearing upon the alleged negligence of appellant in the operation of its train at said crossing.

[4] We overrule the fourth assignment of error, which complains of the action of the court in furnishing the jury the form of verdict in case of a finding for appellee. In this connection the jury were also furnished a form of verdict in case of a finding for appellant.

The fifth assignment of error complains of the refusal of the court to give to the jury appellant's special charge No. 1, defining contributory negligence. This issue was disposed of by us in the Wood Case, supra.

The judgment is affirmed.

## On Rehearing.

In our opinion in this case, in discussing the court's charge, complained of by appellant by its second assignment of error, we made the statement that it was undisputed on trial that one of the box cars standing on the side tracks and alleged to have obscured appellee's driver's view of the approaching train "projected into King street." The statement is incorrect, and not necessary nor intended to uphold the correctness of the court's charge. The driver did, however, testify that the end of one of the cars projected into the street proper. What we intended to say was that it was undisputed that the cars were standing upon the side track, and it is only to the cars so standing upon the side track that the charge refers. Nowhere in the charge does the court refer to any car projecting into King street. That the statement was not intended in support of our ruling is made clear by our opinion. There we say that the court's reference in his charge to the cars was not error, since the only reference to any cars in the charge complained of is the cars standing on the switch which is an undisputed and admitted fact.

We have examined the other assignments in the motion for rehearing, and conclude they are not well taken. Accordingly the motion is overruled.