COOMBS v. JACKSON et al.    (No. 9725.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 11, 1922.)

1. Parties ⊚═51(4)—Recovery may be had of money paid out on fraudulent representation, and defrauding party may be interpleaded.

Where one falsely represented himself to be the procuring cause of a contract and was paid a commission, such commission could be recovered where another person was the procuring cause, and, in an action by the latter to recover his commission, the principal could interplead the party who defrauded him and obtain a judgment over against him, under Rev. St. art. 1902.

2. Appeal and error ⊚═977(1)—New trial ⊚═6—Discretionary with trial court to allow new trial in first instance.

Whether judgment shall be set aside and new trial granted rests in the first instance with the trial court, and his action upon a motion therefor will not be disturbed unless an abuse of discretion appears.

3. New trial ⊚═97—No abuse shown in denying interpleaded party new trial.

Where interpleaded party mistook citation to be a mere subpœna to appear as a witness in the case, and appeared and testified, and learned on the trial that he was a party, but raised no objections, held, that court did not abuse its discretion in denying his motion for new trial.

4. Parties ⊚═56—Citation served on interpleaded party held sufficient.

A citation served upon an interpleaded party held not open to the objection that it did not comply with Rev. St. art. 1852, in that it did not state the date of the filing of plaintiff's petition, the names of all the parties, the nature of plaintiff's demand, or the nature of the demand of the interpleader.

5. Parties ⊚═56—Citation served on interpleaded party need only state time of filing of cross-plea.

A citation served on an interpleaded party under a cross-action by defendant sufficiently complied with Rev. St. art. 1852, in so far as such statute requires a statement of the date of the filing of plaintiff's petition, by stating the date of the filing of the cross-plea.

Appeal from Wichita County Court; Guy Rogers, Judge.

Suit by J. F. Jackson against W. J. Brown, who interpleaded J. D. Coombs. From an adverse judgment, the latter appeals. Affirmed.

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Cook, Spencer & Bailey, of Wichita Falls, for appellant.

Fitzgerald & Hatchitt and Robt. A. Lyle, all of Wichita Falls, for appellees.

CONNER, C. J. Appellee J. F. Jackson instituted this suit against W. J. Brown to recover $1,000 alleged to be due him as commission for procuring a certain drilling contract with the Burk Rainbow Oil Company. Defendant Brown answered by a general denial and by a special plea to the effect that appellant J. D. Coombs had represented to him (Brown) that he (Coombs) was the procuring and efficient cause of the making of the contract, and that upon such assurance he (Brown) had paid to Coombs $500 as commission therefor. He accordingly interpleaded Coombs, and several others not necessary to now mention inasmuch as their relation to the cause is not material on this appeal, and prayed that Coombs might be cited and that he have judgment against Coombs for the $500 so paid him, in the event the plaintiff Jackson should recover.

Citation appears to have been issued and served on Coombs, but he failed to answer, and the trial proceeded before a jury, with the result of a judgment in favor of plaintiff Jackson against the defendant Brown for the $1,000 commission sued for and in favor of the defendant Brown over against Coombs for the $500 set up in Brown's cross-action.

The judgment was entered on the 23d day of November, 1920. During the same term of court Coombs presented and urged a motion to set aside the judgment against him and to grant a new trial. The court overruled the motion, and Coombs has duly prosecuted this appeal.

Appellant urged two grounds in his motion for a new trial.

The first, in substance, was that he did not know that he had been interpleaded and that Brown was seeking a recovery against him until the attorney for Brown read his cross-action to the jury. It was alleged that he had been "misled into believing that the papers served upon him purporting to be a citation were in fact only a subpœna," by the fact that after the defendant Brown had been sued and after Brown had interpleaded Coombs, he (Brown) informed Coombs that he "wanted him for a witness, and never at any time intimated that he would ask judgment against him; that when the so-called citation was served upon him he thought it was intended merely as a subpœna. For that reason this defendant did not employ a lawyer to defend him in said cause and made no preparation for defense in said cause and had no representation in the trial of said cause; that after this defendant had learned that he had been brought into the case as one of the defendants, he did not know until Brown's attorney

238 S.W.—63

read his cross-action that he was asking judgment over against him."

Second, that the citation served upon him was insufficient to support the judgment. The citation is set out in the motion and questioned in particulars to be hereinafter noted.

[1] It is not contended that the defendant Brown was without right to plead as he did. It seems evident that if true, as the defendant Brown alleged in his cross-action, that he had been wrongfully induced to pay appellant $500 under a misrepresentation of fact, that he would have a cause of action to recover it, and such cause of action under our system, we think, could be properly presented in a plea in the nature of the plea of "interpleader," as known in the equity practice. See Rev. Stats. art. 1902; Lumber Co. v. Water Co., 94 Tex. 456, 61 S. W. 707; Kempner v. Wallis, 2 Willson, Civ. Cas. Ct. App. § 584, 23 Cyc. p. 29, par. H; 15 R. C. L. 233, par. 16.

The jury found, in answer to a special issue submitted, that Jackson was the procuring cause of the contract between Brown and the Burk Rainbow Oil Company, and the judgment recites that J. D. Coombs was duly and legally served with citation according to law. If so, as we must conclude from the recitation in the judgment, then it was the undoubted duty of the appellant Coombs, upon having been served with citation, to appear and answer the defendant Brown's cross-plea, according to the command of the writ.

Upon the hearing of the motion, appellant testified that he had procured the contract of the Burke Rainbow Oil Company with the defendant Brown; that some time before the institution of the suit by Jackson, the defendant Brown informed him that Jackson was threatening to sue him and that if he did he (Brown) would want him (Coombs) as a witness; that afterwards Brown informed him Jackson had sued him for $1,000, and was again told that he would be wanted as a witness in behalf of Brown; that Brown never did in any way intimate that he would bring him (Coombs) into the case or seek judgment against him; that he never knew until after he had been paid his commission that Jackson claimed to have anything to do with procuring the drilling contract between the parties. He further testified:

"When the citation was served upon me, I was expecting to be served with a subpœna and thought that the citation was a subpœna, and did not examine it very closely. I did not know that I had been sued and brought into the case until the day of the trial, and until after I had been called into the courtroom to testify for Brown in the case, and heard the attorney for Brown read his cross-action to the jury. That was after the jury had been selected to try the case. I was not represented in the case, and was in the courtroom only upon the call of Mr. Brown, and only to testify

238 SOUTHWESTERN REPORTER

as a witness. A subpœna was issued for me before the trial, but was not served upon me until the next day after the trial. I did not know the case was coming up for trial on that day. I had gone to the courthouse on business in the county clerk's office and was met as I entered the courthouse by Mr. Brown, and told by him that the case was on trial and that he wanted me as a witness. I then went into the county courtroom. The jury was already selected, and when Brown's attorney read his petition in cross-action, was the first that I knew I had been made a party. It is true that I answered the court's question when I was a witness on the stand, that I supposed I was a party to the suit. It is also true that I did not ask the court to postpone the case until I could employ a lawyer to represent me."

[2, 3] Judgments may be set aside and new trial granted for sufficient cause, under our rules of practice; but whether or not this shall be done rests, in the first instance, with the trial court, and his action upon a motion having that end in view will not be disturbed unless it appears there has been an abuse of discretion, and this we do not think can be said in the case before us.

In 20 R. C. L. p. 287, par. 70, it is said:

"While courts of law exercise a liberal jurisdiction in granting new trials, they uniformly refuse them if the party applying for them has been guilty of negligence, and might by the use of reasonable diligence have been prepared for trial."

In 29 Cyc. p. 850, par. C, it is said:

"Ordinarily a new trial will not be granted because a defendant neglected to make a defense. Nor is it a sufficient ground that he neglected to retain counsel, or because a party neglected to inform his counsel of facts or evidence material to his case or defense."

See, also, Drinkard v. Ingram, 21 Tex. 650, 73 Am. Dec. 250; Dotson v. Moss, 58 Tex. 152; Rice v. Mortgage Co. (Tex. Civ. App.) 30 S. W. 75.

It was the duty of appellant when served with the citation, in order to observe its commands, to learn its contents. This, by his own testimony, he had an opportunity to do, he was not prevented so far as the record shows by the officer who served it, nor by any act or spoken word of the defendant Brown that would necessarily, or even probably mislead a person exercising ordinary care in such a matter. The statement of Brown that he would desire appellant as a witness was evidently true, and in harmony with Brown's denial that Jackson, the plaintiff, was the procuring cause of the drilling contract. Nothing in the record indicates that Brown's statement in this respect was intended by him to mislead appellant. Moreover, before the verdict and before the judgment, as appellant confessed in his testimony, he ascertained the fact that Brown had made him a party and was seeking judgment against him in event of the plaintiff Jack-

son's recovery. Notwithstanding this, appellant made no application to the court to postpone the trial or continue it until he could secure counsel and present his defense. From such failure, it may be implied that appellant was content to rely upon Brown's plea that Jackson was not the procuring cause of the drilling contract, entertaining the belief, perhaps, that his (appellant's) testimony, together with other evidence, would defeat Jackson's claim and hence relieve him. But however this may be, negligence must be imputed to appellant for his failure to ask postponement or continuance of the case. Ry. Co. v. Evans, 78 Tex. 369, 14 S. W. 798, and cases cited in 13 Ency. Digest Texas Reports, p. 442, par. d. We are of the opinion, therefore, that the action of the trial court on appellant's first ground of error must be supported.

[4] As already stated, defendant's second ground is based upon the contention that the citation served upon him was insufficient to support the judgment. The citation appears in the statement of facts, and it is insisted that it does not comply with the requirements of article 1852, Rev. Statutes, in that it does not state the date of the "filing of plaintiff's petition." That it does not state "the names of all the parties" to the suit; that it does not "state the nature of plaintiff's demand"; and that it does not state the nature of the demand of the interpleader, W. J. Brown, against this defendant."

Omitting formal parts, the citation is as follows:

"To the Sheriff or any Constable of Wichita County, Greeting:

"You are hereby commanded to summon J. D. Coombs, C. H. Davidson, C. A. Parker, and M. Pettifish to be and appear before the honorable county court at law at Wichita county, Texas, at the next regular term thereof, to be holden at the court house in Wichita Falls, on the first Monday in October, same being the 4th day of October, A. D. 1920, then and there to answer the defendant's answer filed in a suit in said court on the 30th day of July, A. D. 1920, file number of said cause being No. 3822, wherein J. F. Jackson is plaintiff and W. J. Brown is defendant, and W. J. Brown is interpleader.

"For cause of action interpleader, in substance, alleges: That defendant W. J. Brown, on or about August 1, 1919, was drilling and contracting to drill oil wells in the vicinity of Burkburnett, Tex.; that on or about that date said J. D. Coombs informed him that he could make a contract with said company, and paid said Coombs a commission of $500 for his services; that the trustees of said oil company, to wit, C. H. Davidson, C. A. Parker, and M. Pettifish, informed him, the said Brown, that said Coombs and he alone procured said contract and that no other commission was due; that said statements were believed by him the said Brown and agreed to by said Coombs that said Coombs was the sole procuring cause of securing said contract; that said J. F. Jackson is now claiming to have been the procuring

cause of securing said contract, and for that reason interpleader prays the court that said parties be cited to appear and answer his said interpleader," etc.

[5] We think the mere profert of the citation is a sufficient answer to the contention last made. The file number of the suit, the names of plaintiff Jackson and the defendant Brown are stated and the date of the filing of the cross-plea, and the nature of the defendant Brown's cross-action against the other parties is sufficiently stated. It is to be remembered that in the cross-action Brown was the plaintiff and appellant and others the defendants. The time of the filing of the cross-plea, therefore, sufficiently complies with the statute requiring a statement of the date of the filing of the plaintiff's petition, and in no other respect can it be said with any show of reason that the citation was insufficient to support the judgment.

We conclude that all assignments of error must be overruled and the judgment affirmed.