**AL PARKER SECURITIES CO. v. LYONS et al.**

**No. 8413.**

Court of Civil Appeals of Texas. San Antonio.

April 9, 1930.

Rehearing Denied May 28, 1930.

R. A. Hightower and West & Hightower, all of Brownsville, for appellant.

W. E. Lea, of Orange, and Faulk & Abney, of Brownsville, for appellees.

FLY, C. J.

Appellant sought the recovery of a debt and to foreclose liens on certain property. It was alleged that on June 22, 1925, R. E. Brooks conveyed to A. F. Parker the north ten acres of block 1, of the Cantu tract, in Cameron county, and as part of the consideration executed and delivered to Brooks five certain promissory notes secured by a lien on the land conveyed; that on January 21, 1925, Parker conveyed the land to G. S. Lyons and G. C. Brown, appellees, who as part consideration assumed payment of the five notes made by Parker to Brooks, and also made five other promissory notes to Parker, secured by a second lien on the land. That afterwards the first two notes of each set of notes were paid by appellees and then Brooks transferred the third note executed to him, which made appellant the owner of one note of the first series and the three remaining notes secured by the second lien, and that appellees had not paid the principal or interest of any of said four notes.

Appellees answered by general denial and failure of consideration, and filed a cross-action seeking a rescission of the sale to them by Parker, and that they be refunded the purchase money paid by them and the taxes and water charges paid by appellees, and in the alternative they prayed for damages. Appellant replied by a plea of two years' limitation and invoked the doctrine of caveat emptor.

The cause was presented to a jury by special issues, and, on the answers thereto, the court rendered judgment in favor of appellees for $3,492.73, canceled the deed from A. F. Parker to appellees, and the vendor's lien notes given by appellees to Parker, and the five notes given by them to appellant, in the sum of $178.26 each, and also canceled the assumption of the five notes due by Parker to Brooks.

 In answer to the special issues the jury found that the ten acres conveyed to appellees by Al Parker were not, as represented by him, the same tract shown to G. C. Brown by the agents of appellant in January, 1925. The testimony sustained the finding of the jury and showed that a different ten acres of land, not as good in quality or location, was

conveyed to appellees under the false representation that it was the identical tract shown to G. C. Brown. Appellees lived in Louisiana. They were partners. Brown came to Texas to see the land. Brown went all over twenty acres of land which was shown as that to be conveyed to appellees. It was high land with no low places, with cactus, mesquite, and ebony trees on it. There was a large ebony tree on the land. It was represented to be well drained, as Brown found it was from his inspection. Brown after the inspection went back to Louisiana to make his report to Dr. Lyons, his partner. Then Lyons went to the valley to see the land and was shown land that he was told was inspected by Brown. Appellees agreed to take ten acres of the twenty-acre tract. The contract sent by appellant did not describe the ten acres shown to Brown, but was an inferior tract of land with low places on it. Appellees did not see the land after inspecting it in 1925, until they came to clear it in November, 1927, and to build on it. Lyons gave only a casual inspection to the land on his first visit, as he was assured it was the same land shown to Brown. The latter, for the first time in November, 1927, discovered that it was not the land which he had gone over and inspected. An inferior tract of land had been substituted for the land inspected by Brown. The latter was fully corroborated by H. J. Moore. He stated that there was a fine ebony tree on the land shown to Brown, and that the brush was so thick on it that it was very hard for a man to penetrate it, while the land deeded to them could be crossed in an automobile and there was no ebony tree on it. The land inspected by Brown was on the south side of the road leading towards La Feria, and the land conveyed was on the north side. It is clear that the land conveyed was not that shown to appellees and was not of like value of that tract.

 The newly discovered evidence of D. L. Griffith was of no value, except to impeach Brown, or discredit his testimony. New trials are not granted for impeaching purposes. Street Railway v. Sciacca, 80 Tex. 350, 16 S. W. 31; Conwill v. Railway, 85 Tex. 96, 19 S. W. 1017; Railway v. Davenport, 102 Tex. 369, 117 S. W. 790; Houston Power Co. v. Hooper, 46 Tex. Civ. App. 257, 102 S. W. 133. Granting or refusing new trials on the ground of newly discovered evidence is to a great extent within the discretion of the trial judge.

The property inspected by Brown was on one side of the road to La Feria, and that conveyed by appellant was on the other, and they could not be the same tract. The evidence is overwhelming to the effect that appellant showed Brown a fine tract of land, on one side of the road, and then gave him a deed to a tract on the other side of the road, quite inferior to the tract shown Brown.

We think the judgment is for an amount in excess of the amount shown by the evidence, and, as it is in effect admitted, in the motion for new trial, that the amount should have been $3,280.15, with interest at 6 per cent. from the date of the judgment in the trial court; the judgment will be corrected by deducting therefrom the sum of $212.58, leaving $3,280.15, and the costs will be assessed against appellant.

Reformed and affirmed.